# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| POYNT CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>INNOWI, INC.,<br><br>               Defendant. | Case No. 18-cv-05814-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEAL**<br><br>[Re: ECF 24] |

Before the Court is Defendant's administrative motion to file under seal the portions of its motion to dismiss (ECF 26) that cite or quote Exhibit B to the Complaint (ECF 1). *See* ECF 24. For the reasons that follow, the motion to seal is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request

that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

A motion to dismiss, like a Complaint, is more than tangentially related to the merits of the case such that the movant must provide "compelling reasons" for sealing. Here, Defendant seeks to file under seal portions of its motion to dismiss that reference or cite Exhibit B of the Complaint. Magistrate Judge Cousins previously allowed Exhibit B to be filed under seal (ECF 15), pursuant to a motion by Plaintiff (ECF 3). Plaintiff argued that Exhibit B should be sealed because it contains specific information regarding Plaintiff's goals and requirements for the development project at issue, including cost requirements, production cycles, payment structures, and other related financial information, the disclosure of which could harm Plaintiff's business ventures. *See* ECF 3 at 1; ECF 3-1 ¶¶ 2–3. Though Civil Local Rule 79-5(e)(1) required Plaintiff as the designating party to file a declaration supporting Defendant's sealing motion, the Court finds compelling reasons to seal the motion based on Plaintiff's previously-filed declaration (ECF 3-1) and because Judge Cousins allowed Exhibit B to be filed under seal. Moreover, Defendant's request is narrowly tailored to seal only those portions of its motion to dismiss that quote or substantively reference Exhibit B. As such, the Court GRANTS the motion to seal.

Because a redacted version of the motion has been filed in the public record, and unredacted versions have been filed under seal, no further action is necessary. In the future, the

Court will deny without prejudice motions to seal if the designating party does not file a responsive declaration in support of that specific motion.

**IT IS SO ORDERED.**

Dated: November 28, 2018

_____
BETH LABSON FREEMAN
United States District Judge