1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POYNT CORPORATION,<br><br>               Plaintiff,<br><br>    v.<br><br>INNOWI, INC.,<br><br>               Defendant. | Case No. 5:18-cv-05814 BLF<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:  Jan. 16, 2019<br>Time:  11:00 a.m.<br>Courtroom 3, 5th Floor<br>Judge:  Beth L. Freeman |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16, the Standing Order for All Judges of the Northern District of California for Contents of Joint Case Management Statement, and the Court's October 9, 2018 Order Resetting Initial Case Management Conference After Reassignment (ECF No. 19), Plaintiff Poynt, Inc. ("Plaintiff" or "Poynt") and Defendant Innowi, Inc. ("Defendant" or "Innowi"), through their undersigned counsel, hereby submit the following joint case management statement.

1.     **JURISDICTION AND SERVICE**

        A.     **Jurisdiction**

        This is an action for breach of contract and trade secret misappropriation.  The Court has subject matter jurisdiction over Poynt's federal trade secret misappropriation claim under 28 U.S.C. § 1331.  The Court has supplemental subject matter jurisdiction over Poynt's remaining claims 28 U.S.C. § 1367.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

        B.     **Service**

        Service of the complaint, summons, and all relevant attachments has been effectuated on all parties to this action.

2.     **FACTS**

        The complaint alleges the following facts.  Poynt and Innowi are both companies that sell payment products.  Poynt filed its complaint in this action on September 21, 2018.  In the second half of 2014, Innowi designed a prototype of an initial smart payment terminal product for Poynt. The relationship between Poynt and Innowi was terminated in December 2014.  After the relationship terminated, Innowi created a payment product.  Poynt alleges that Innowi misappropriated Poynt's trade secrets and breached two contracts (The "NDA" and "Development Agreement") associated with the prototype development project in making this transition, including by filing a patent application that Poynt alleges contains technical know-how owned by Poynt under the relevant agreements.  On November 15, 2018, Innowi filed a motion to dismiss the Complaint.  That motion is fully briefed and a hearing for the motion is scheduled for February 21, 2019.  Innowi has not yet provided an Answer to Poynt's Complaint or served

Counterclaims.  Innowi denies the allegations brought by Poynt in this case.

3. **LEGAL ISSUES**

The principal disputed legal issues are:

- Whether Poynt has protectable trade secrets;

- Whether Innowi misappropriated Poynt's trade secrets;

- Whether the NDA project is enforceable against Innowi;

- Whether Innowi breached the NDA;

- Whether the Development Agreement is enforceable against Innowi;

- Whether Innowi breached the Development Agreement;

- Whether Poynt is entitled to recover damages as a result of the alleged breaches and misappropriation, and if so, the amount;

- Whether Poynt is entitled to injunctive relief of specific performance of the Development Agreement to require Innowi to assign its patent rights to Poynt;

- Whether Poynt owns the trade secrets at issue;

- Whether Innowi is the inventor and owner of its patent rights;

- Whether Poynt fully performed under any of the agreements;

- Whether Innowi's performance is excused due to Poynt's failure to perform;

- Whether Poynt is responsible for any payments to Innowi;

- Innowi's obligations to Poynt;

- Whether the Development Agreement is enforceable at all;

4. **MOTIONS**

A. **Pending Motions**

On November 15, 2018, Innowi filed a motion to dismiss the Complaint.  The motion is fully briefed and a hearing for the motion is scheduled for February 21, 2019.

B. **Anticipated Motions**

Poynt anticipates moving for summary judgment and may file other dispositive and non-dispositive motions as the case progresses.

Innowi also anticipates moving for summary judgment and may file other dispositive and

non-dispositive motions as the case progresses.

**5.**   **AMENDMENT OF PLEADINGS**

The parties agree that the deadline for joining parties and amending the pleadings without leave of Court is the date set forth in Appendix A, and that otherwise the parties may only amend the pleadings upon a showing of good cause, or upon being granted leave to amend by the Court.

**6.**   **EVIDENCE PRESERVATION**

The parties have reviewed the Northern District's Guidelines Relating to the Discovery of Electronically Stored Information and the Checklist for Rule 26(f) Meet and Confer Regarding ESI.  The parties certify that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  Each party represents that it has instituted reasonable document retention procedures so as to maintain any relevant documents, electronic or otherwise, or any other relevant electronically recorded material, until this dispute is resolved.

**7.**   **DISCLOSURES**

Pursuant to their obligations under Federal Rule of Civil Procedure 26(a)(1)(C), the parties agree to exchange initial disclosures on January 24, 2019.  Each party reserves its right to amend such disclosures as discovery progresses.

**8.**   **DISCOVERY**

No discovery has been taken to date.  At this time, the parties have not identified any discovery disputes.

Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan:

> **A.**   **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

As noted above, the parties agree to exchange initial disclosures pursuant to Rule 26(a) on January 24, 2019.  The parties' proposals regarding the timing for expert disclosures under Rule 26(a)(2) and pretrial disclosures under Rule 26(a)(3) are set forth in the proposed schedule, in

1   Appendix A below.

2   **B.      The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

3

4   The parties anticipate that the scope of discovery will encompass the factual and legal

5   issues identified Sections 2 and 3 above, and the requested relief discussed in Section 11 below,

6   including all related, ancillary, and subsidiary factual and legal issues and matters.  The parties'

7   proposals regarding when discovery should be completed are set forth in the proposed schedule in

8   Appendix A below.

9   **C.      Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

10

11   The parties discussed discovery of ESI during their Rule 26(f) conference.  The parties

12   agree that, to the extent possible, all ESI will be produced as text-searchable single-page image

13   files with associated load files (metadata).  The parties acknowledge however, that some file

14   types, such as Excel files and video files, are not as accessible when converted to image files, and

15   so the parties agree that they will produce native files where reasonable.  The parties agree that

16   email discovery should be conducted separately from normal document requests conducted under

17   Fed. R. Civ. P. 34.  Because this is a trade secret case where email communications are likely to

18   contain relevant information that may support or refute the asserted claims, the parties agree that

19   a procedure for utilizing custodian-based and keyword-based targeted collection of email should

20   be implemented for this case.  These email discovery requests should be made separately from

21   any requests for production made pursuant to Fed. R. Civ. P. 34, and the parties will not be

22   required to search for and produce emails pursuant to any requests provided under Fed. R. Civ. P.

23   34.  Given the relatively small size of the two parties in this case (particularly during the relevant

24   period), the parties believe that no arbitrary numerical limit on the amount of custodians and

25   keywords is warranted.  That said, the parties agree to conduct conservative email discovery

26   within the bounds of reasonableness and the proportionality standard set forth in Fed. R. Civ. P.

27   26.  The parties agree to confer on keyword searching processes to test the efficacy of the search

28   terms and otherwise cooperate to ensure that the burdens and expense of email-based discovery

1   are minimized and that email discovery requests are proportional to the needs of the case.   The

2   parties further agree that any emails that either party intends to offer in support of its own claims

3   or defenses must be independently produced as soon as that reliance becomes reasonably

4   foreseeable.

5       **D.**     **Any issues about claims of privilege or of protection as trial-preparation**
            **materials, including—if the parties agree on a procedure to assert these**

6           **claims after production—whether to ask the court to include their agreement**
            **in an order under Federal Rule of Evidence 502.**

7

8           The parties agree that neither party will produce nor list on any privilege log any item

9   constituting communications between that party and any counsel of record in this litigation

10  (currently Orrick for Poynt and Goodwin for Innowi).   Subject to the foregoing, the parties agree

11  that issues of privilege or work product shall be addressed as provided in the Federal Rules of

12  Civil Procedure, Federal Rule of Evidence 502 and the Protective Order and/or ESI Order to be

13  entered in this action.

14      **E.**     **What changes should be made in the limitations on discovery imposed under**
            **these rules or by local rule, and what other limitations should be imposed;**

15          **and**

16          To the extent not limited below, and unless otherwise agreed to by the parties, the parties

17  agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure,

18  Local Rules of this Court and the Protective Order to be entered in this action.  If a party requests

19  discovery that exceeds any of the limitations set forth above or below, the parties agree to meet

20  and confer in good faith to attempt to resolve the issue without intervention of the Court.  If the

21  parties are unable to reach agreement, a party may seek leave from the Court for the additional

22  discovery.

23          i.      **Requests for Production of Documents and Things**

24          The parties agree that there is no limit on the number of requests for production of

25  documents and things that each side may serve, consistent with the Federal Rules of Civil

26  Procedure.

27          ii.     **Interrogatories**

28          The parties agree that they may serve up to 25 Interrogatories, consistent with the Federal

1   Rules of Civil Procedure.  The parties further agree that Innowi will be entitled to serve one

2   additional interrogatory, that does not count against its 25 interrogatory limit, requesting an

3   identification of the trade secrets at issue in this case in accordance with the reasonable

4   particularity standard set forth in Cal. Code Civ. Proc. § 2019.210.  Once Poynt provides its initial

5   response to this interrogatory, Poynt will be entitled to make narrowing amendments to its

6   response as a matter of right, and may only make broadening amendments (*e.g.* to identify

7   additional trade secrets) with good cause.  The parties are continuing to meet and confer

8   regarding client access to the trade secret identification disclosure.

9           iii.   **Requests for Admission**

10       Each side may serve up to 50 Requests for Admission.  Requests for Admission related to

11  the authentication of documents are exempt from this limitation.

12          iv.   **Depositions**

13       *Fact and Expert Depositions.* The parties agree that each party will be limited to 70 total

14  hours of deposition, including for individual and corporate designee witnesses under Fed. R. Civ.

15  P. 30(b)(6).   In light of this limitation, the parties agree that there is no need to limit the number

16  of 30(b)(6) deposition notices or topics.  The parties agree that multiple 30(b)(6) deposition

17  notices for the same organization may be served at differing times (so as, for example, to allow

18  for a deposition early in the case followed by a deposition of the same entity later in the case) but

19  that the parties may not seek to obtain 30(b)(6) deposition testimony on the same topic more than

20  once.  No single deposition taken of a person in their individual capacity shall last longer than 7

21  hours, unless the parties agree otherwise.

22       The parties agree that expert depositions do not count against this 70 hour limit.  The

23  parties agree to meet and confer on the proper time limits for expert depositions in good faith,

24  closer to the time for those depositions.  If the parties are unable to resolve any disputes as to such

25  limits, the parties will raise that issue at a later case management conference.

26      **F.**   **Protective Order**

27       The parties will be producing confidential information requiring entry of a protective

28  order in this action.  The parties agree that any confidential information produced prior to entry of

1   a protective order is subject to the Northern District of California Interim Model Protective

2   (pursuant to Patent Local Rule 2-2).  The parties agree to the terms of the proposed Protective

3   Order, based on the Model Protective Order for Litigation Involving Patents, Highly Sensitive

4   Confidential Information and/or Trade Secrets, submitted hereto as Appendix B.

5          **G.**    **Discovery from Experts**

6        The parties agree that the Federal Rules of Civil Procedure (e.g., Rule 26(b)(4)) and the

7   Local Rules of this Court govern discovery from experts in this case.

8        The parties further agree that the following communications and materials relating to

9   expert witnesses in this litigation shall not be the subject of discovery or inquiry at trial: (a) drafts

10  of any expert disclosures or analysis (including reports, declarations, affidavits, or any other form

11  of testimony); (b) communications, whether written or oral, between or among any expert,

12  consultant, and/or counsel for the party retaining said expert; (c) notes or preparatory materials

13  taken by or on behalf of any expert; (d) emails, lists, agendas, outlines, memoranda,

14  presentations, and letters, whether in draft or any other form, that are provided to, or by or on

15  behalf of, any expert; and, (e) any other types of preliminary work product created by or on behalf

16  of any expert.  The foregoing exemptions shall not apply to any communications or materials,

17  including those listed above, on which any expert, in any disclosure, expressly relies as a basis for

18  an opinion. Such communications or materials shall be subject to discovery and inquiry at trial.

19  Communications and materials exempt from discovery under this provision shall be treated as

20  attorney work product and need not be listed on any privilege log.

21         **H.**    **Service**

22       The parties have already agreed that service via email is acceptable pursuant to Rule

23  5(b)(2)(E).

24  **9.**    **CLASS CERTIFICATION**

25       This case is not a class action.

26  **10.**    **RELATED CASES**

27       There are no related cases or proceedings pending before another judge of this court, nor

28  before any other court or administrative body.

**11.   RELIEF**

Poynt seeks relief as stated in its Complaint, including an entry of judgment finding that Innowi has breached its contracts with Poynt and misappropriated Poynt's trade secrets.  Poynt also seeks injunctive relief, including an injunction against Innowi from using Poynt's trade secrets and requiring Innowi to assign its patent applications to Poynt.  Poynt also seeks monetary damages, together with pre-judgment and post-judgment interest. Poynt seeks any other relief available under applicable law.

Innowi has not yet answered or counterclaimed in this case.

**12.   SETTLEMENT AND ADR**

In accordance with ADR Local Rule 3-5, counsel for the parties met and conferred regarding ADR options offered by the Northern District of California.  The parties agree that early settlement discussions could be beneficial in this case.  The parties intend to engage in mediation, either through the local ADR procedure or with a private mediator, and intend to commence mediation by the end of April 2019.

**13.   CONSENT TO MAGISTRATE JUDGE**

On October 5, 2018, this case was reassigned to Judge Beth L. Freeman (ECF No. 18) after magistrate judge jurisdiction was declined.

**14.   OTHER REFERENCES**

The parties agree that the case is not suitable for reference to the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

Subject to the progression of discovery, the parties may be able to narrow issues via stipulated facts.

**16.   EXPEDITED TRIAL PROCEDURE**

The parties agree that, based on the facts currently known, this case should not be handled on an expedited basis.

**17.   SCHEDULING**

The Parties propose the pre-trial scheduled attached as **Appendix A**.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**18.    TRIAL**

Poynt has made a demand for a jury trial.  The parties expect that the trial will last five to seven court days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On September 21, 2018, Poynt filed a Certification of Interested Entities or Persons required by Civil Local Rule 3-15. (ECF No. 6).  Innowi filed a Certification on December 10, 2018 (ECF No. 31).  Together, the parties have identified the following associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) having a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) having a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

      i.    Poynt Corporation

      ii.    Innowi, Inc.

**20.    PROFESSIONAL CONDUCT**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    MISCELLANEOUS ISSUES**

The parties are not presently aware of any other matters at this time that may facilitate the just, speedy, and inexpensive resolution of this matter.

Dated: January 9, 2019                ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    */s/ Clement S. Roberts*
          CLEMENT SETH ROBERTS
          JACOB M. HEATH
          WILL MELEHANI
          JOHANNA L. JACOB
      Attorneys for Plaintiff Poynt Corporation

1   Dated: January 9, 2019                     GOODWIN PROCTER LLP

2

3                                              By:    */s/ Neel Chatterjee (w. permission)*
                                                     NEEL CHATTERJEE
4                                                    LUCAS DAHLIN
                                                     Attorneys for Defendant
5                                                    INNOWI, INC.

6

7                               **Filer's Attestation**

8        Pursuant to Local Rule 5.1(i)(3), I attest that all signatories for parties listed above

9   concurred in the filing of this document.

10  Dated: January 9, 2019                     ORRICK, HERRINGTON & SUTCLIFFE LLP

11

12
                                               By:    */s/ Clement S. Roberts*
13                                                   CLEMENT S. ROBERTS
                                                     JACOB M. HEATH
14                                                   WILL MELEHANI
                                                     JOHANNA L. JACOB
15                                                   Attorneys for Plaintiff Poynt Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX A**

| Event | Applicable Rule or Order | Poynt' Proposed Deadline | Innowi's Proposed Deadline |
|---|---|---|---|
| Initial Case Management Conference | ECF No. 19 | January 16, 2019 | January 16, 2019 |
| Initial Disclosures | Rule 26(a)(1) | January 24, 2019 | January 24, 2019 |
| Last day to join parties or amend the pleadings without leave of Court per Section 5 | | June 21, 2019 | June 21, 2019 |
| Close of fact discovery | | November 15, 2019 | March 6, 2020 |
| Last day to serve opening expert reports by party with the burden of proof | | December 20, 2019 | April 10, 2020 |
| Last day to serve rebuttal expert reports | | January 24, 2020 | May 15, 2020 |
| Close of expert discovery | | February 14, 2020 | June 5, 2020 |
| Last day to file a dispositive motion and Daubert motion | L.R. 7-2 (at least 35 days before the last day to hear dispositive motions) | February 28, 2020 | June 26, 2020 |
| Last day to hear dispositive motions and Daubert Motions | Standing Order Re Civil Cases Section F.2 (at least 90 days before trial) | April 17, 2020 | August 7, 2020 |
| Last day to meet and confer before final Pretrial Conference | Standing Order Re Final Pretrial Conference Section A (21 days before Pretrial Conference). | June 18, 2020 | October 8, 2020 |
| Last day to submit Joint Pre-trial Statement, including witness lists | Standing Order Re Final Pretrial Conference Section B (14 | June 25, 2020 | October 15, 2020 |

| Event | Applicable Rule or Order | Poynt' Proposed Deadline | Innowi's Proposed Deadline |
|---|---|---|---|
| and exhibit lists | days before Pretrial Conference). | | |
| Last day to file motions in limine | Standing Order Re Final Pretrial Conference Section C.4 (14 days before Pretrial Conference). | June 25, 2020 | October 15, 2020 |
| Last day to oppose motions in limine | Standing Order Re Final Pretrial Conference Section C.4 (14 days before Pretrial Conference). | June 25, 2020 | October 15, 2020 |
| Last day to submit jury statements, voir dire, joint proposed jury instructions, joint proposed verdict form and trial briefs. | Standing Order Re Final Pretrial Conference Sections C.5-6 (7 days before Pretrial Conference). | July 2, 2020 | October 22, 2020 |
| Pretrial conference | | July 9, 2020 | October 29, 2020 |
| Trial begins | Standing Order Re Final Pretrial Conference Section D (14 days after Pretrial Conference). | July 27, 2020 | November 16, 2020 |

# **APPENDIX B**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POYNT CORPORATION,<br><br>              Plaintiff,<br><br>   v.<br><br>INNOWI, INC.,<br><br>              Defendant. | Case No. 5:18-cv-05814 BLF<br><br>**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**<br><br>Courtroom 3, 5th Floor<br>Judge:  Beth L. Freeman |

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

2.1.     <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2.     <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3.     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4.     <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5.     <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7.    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8.    <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: Extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9.    <u>House Counsel</u>: Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10.    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11.    <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12.    <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13.    <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14.   <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.   <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16.   <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1   including the time limits for filing any motions or applications for extension of time pursuant to

2   applicable law.

3   5.      DESIGNATING PROTECTED MATERIAL

4       5.1.    Exercise of Restraint and Care in Designating Material for Protection.

5           Each Party or Non-Party that designates information or items for protection under this

6   Order must take care to limit any such designation to specific material that qualifies under the

7   appropriate standards. To the extent it is practical to do so, the Designating Party must designate

8   for protection only those parts of material, documents, items, or oral or written communications

9   that qualify – so that other portions of the material, documents, items, or communications for

10  which protection is not warranted are not swept unjustifiably within the ambit of this Order.

11          Mass, indiscriminate, or routinized designations are prohibited. Designations that are

12  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

13  unnecessarily encumber or retard the case development process or to impose unnecessary

14  expenses and burdens on other parties) expose the Designating Party to sanctions.

15          If it comes to a Designating Party's attention that information or items that it designated

16  for protection do not qualify for protection at all or do not qualify for the level of protection

17  initially asserted, that Designating Party must promptly notify all other parties that it is

18  withdrawing the mistaken designation.

19      5.2.    Manner and Timing of Designations.

20          Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a)

21  below), or as otherwise stipulated or ordered, Disclosure or Discovery

22          Material that qualifies for protection under this Order must be clearly so designated before

23  the material is disclosed or produced.

24          Designation in conformity with this Order requires:

25              (a.)    for information in documentary form (e.g., paper or electronic documents,

26  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

27  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

28  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE
SECRETS

1    protected material. If only a portion or portions of the material on a page qualifies for protection,

2    the Producing Party also must clearly identify the protected portion(s) (e.g., by making

3    appropriate markings in the margins) and must specify, for each portion, the level of protection

4    being asserted.

5        A Party or Non-Party that makes original documents or materials available for inspection

6    need not designate them for protection until after the inspecting Party has indicated which

7    material it would like copied and produced. During the inspection and before the designation, all

8    of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

9    ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

10   copied and produced, the Producing Party must determine which documents, or portions thereof,

11   qualify for protection under this Order. Then, before producing the specified documents, the

12   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

13   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

14   CODE) to each page that contains Protected Material. If only a portion or portions of the material

15   on a page qualifies for protection, the Producing Party also must clearly identify the protected

16   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

17   portion, the level of protection being asserted.

18        (b.)    for testimony given in deposition or in other pretrial or trial proceedings,

19   that the Designating Party identify on the record, before the close of the deposition, hearing, or

20   other proceeding, all protected testimony and specify the level of protection being asserted. When

21   it is impractical to identify separately each portion of testimony that is entitled to protection and it

22   appears that substantial portions of the testimony may qualify for protection, the Designating

23   Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

24   a right to have up to 21 days to identify the specific portions of the testimony as to which

25   protection is sought and to specify the level of protection being asserted. Only those portions of

26   the testimony that are appropriately designated for protection within the 21 days shall be covered

27   by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

28   specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE
SECRETS

1    entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

2    ATTORNEYS' EYES ONLY."

3         Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

4    other proceeding to include Protected Material so that the other parties can ensure that only

5    authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

6    (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

7    shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9         Transcripts containing Protected Material shall have an obvious legend on the title page

10   that the transcript contains Protected Material, and the title page shall be followed by a list of all

11   pages (including line numbers as appropriate) that have been designated as Protected Material and

12   the level of protection being asserted by the Designating Party. The Designating Party shall

13   inform the court reporter of these requirements. Any transcript that is prepared before the

14   expiration of a 21-day period for designation shall be treated during that period as if it had been

15   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

16   otherwise agreed. After the expiration of that period, the transcript shall be treated only as

17   actually designated.

18        (c.)    for information produced in some form other than documentary and for any

19   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

20   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

21   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

22   CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item

23   warrant protection, the Producing Party, to the extent practicable, shall identify the protected

24   portion(s) and specify the level of protection being asserted.

25        5.3.    Inadvertent Failures to Designate.

26        If timely corrected, an inadvertent failure to designate qualified information or items does

27   not, standing alone, waive the Designating Party's right to secure protection under this Order for

28   such material. Upon timely correction of a designation, the Receiving Party must make

STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE
SECRETS

1  reasonable efforts to assure that the material is treated in accordance with the provisions of this

2  Order.

3  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

4      6.1.    Timing of Challenges.

5      Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless

6  a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid

7  foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or

8  delay of the litigation, a Party does not waive its right to challenge a confidentiality designation

9  by electing not to mount a challenge promptly after the original designation is disclosed.

10     6.2.    Meet and Confer.

11     The Challenging Party shall initiate the dispute resolution process by providing written

12 notice of each designation it is challenging and describing the basis for each challenge. To avoid

13 ambiguity as to whether a challenge has been made, the written notice must recite that the

14 challenge to confidentiality is being made in accordance with this specific paragraph of the

15 Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin

16 the process by conferring directly (in voice to voice dialogue; other forms of communication are

17 not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party

18 must explain the basis for its belief that the confidentiality designation was not proper and must

19 give the Designating Party an opportunity to review the designated material, to reconsider the

20 circumstances, and, if no change in designation is offered, to explain the basis for the chosen

21 designation. A Challenging Party may proceed to the next stage of the challenge process only if it

22 has engaged in this meet and confer process first or establishes that the Designating Party is

23 unwilling to participate in the meet and confer process in a timely manner.

24     6.3.    Judicial Intervention.

25     If the Parties cannot resolve a challenge without court intervention, the Designating Party

26 shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance

27 with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or

28 within 14 days of the parties agreeing that the meet and confer process will not resolve their

STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE
SECRETS

dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a.)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b.)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c.)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d.)    the court and its personnel;

(e.)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f.)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g.)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.

1    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

2    Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

3    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

4         (a.)    the Receiving Party's Outside Counsel of Record in this action, as well as

5    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

6    information for this litigation and who have signed the "Acknowledgment and Agreement to Be

7    Bound" that is attached hereto as Exhibit A;

8         (b.)    Experts of the Receiving Party (1) to whom disclosure is reasonably

9    necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

10   Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,

11   have been followed];

12        (c.)    the court and its personnel;

13        (d.)    court reporters and their staff, professional jury or trial consultants, and

14   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

15   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

16        (e.)    the author or recipient of a document containing the information or a

17   custodian or other person who otherwise possessed or knew the information.

18   7.4.   <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –
     ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"</u>

19   <u>Information or Items to or Experts.</u>

20        (a.)    Unless otherwise ordered by the court or agreed to in writing by the

21   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

22   information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

23   EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c)

24   first must make a written request to the Designating Party that (1) identifies the general categories

25   of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

26   CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

27   disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

28   primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

current employer(s), (5) identifies each person or entity from whom the Expert has received

compensation or funding for work in his or her areas of expertise or to whom the expert has

provided professional services, including in connection with a litigation, at any time during the

preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and

location of court) any litigation in connection with which the Expert has offered expert testimony,

including through a declaration, report, or testimony at a deposition or trial, during the preceding

five years.

(b.)     A Party that makes a request and provides the information specified in the

preceding respective paragraphs may disclose the subject Protected Material to the identified

Expert unless, within 14 days of delivering the request, the Party receives a written objection

from the Designating Party. Any such objection must set forth in detail the grounds on which it is

based.

(c.)     A Party that receives a timely written objection must meet and confer with

the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement within seven days of the written objection. If no agreement is reached, the Party

seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

(and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court

to do so. Any such motion must describe the circumstances with specificity, set forth in detail the

reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

disclosure would entail, and suggest any additional means that could be used to reduce that risk.

In addition, any such motion must be accompanied by a competent declaration describing the

parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

to approve the disclosure.

---

[1]     If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE
SECRETS

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.     SOURCE CODE

(a.)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b.)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.[2]

(c.)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel located in the Northern District of California. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d.)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of

---

[2]     It may be appropriate under certain circumstances to allow House Counsel access to derivative materials including "HIGHLY CONFIDENTIAL - SOURCE CODE" information, such as exhibits to motions or expert reports,

1   reviewing the source code other than electronically as set forth in paragraph (c) in the first

2   instance. The Producing Party shall provide all such source code in paper form including bates

3   numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party

4   may challenge the amount of source code requested in hard copy form pursuant to the dispute

5   resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

6   "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute

7   resolution.

8           (e.)     The Receiving Party shall maintain a record of any individual who has

9   inspected any portion of the source code in electronic or paper form. The Receiving Party shall

10  maintain all paper copies of any printed portions of the source code in a secured, locked area. The

11  Receiving Party shall not create any electronic or other images of the paper copies and shall not

12  convert any of the information contained in the paper copies into any electronic format. The

13  Receiving Party shall only make additional paper copies if such additional copies are (1)

14  necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

15  expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its

16  case.  Any paper copies sent to a testifying expert for the purpose of preparing the testifying

17  expert's report or testifying expert's deposition must also be stored by the testifying expert in a

18  secured, locked area.  Any paper copies used during a deposition shall be retrieved by the

19  Producing Party at the end of each day and must not be given to or left with a court reporter or

20  any other unauthorized individual.

21  9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION
22

23          If a Party is served with a subpoena or a court order issued in other litigation that compels

24  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

25  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

26  SOURCE CODE" that Party must:

27          (a.)     promptly notify in writing the Designating Party. Such notification shall

28  include a copy of the subpoena or court order;

STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE
SECRETS

(b.)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c.)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a.)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b.)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

---

[3]    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   **a.**    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   **b.**    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   **c.**    make the information requested available for inspection by the Non-Party.

   (c.)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[4]    The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1

12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

2

3     When a Producing Party gives notice to Receiving Parties that certain inadvertently

4 produced material is subject to a claim of privilege or other protection, the obligations of the

5 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

6 provision is not intended to modify whatever procedure may be established in an e-discovery

7 order that provides for production without prior privilege review. Pursuant to Federal Rule of

8 Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

9 communication or information covered by the attorney-client privilege or work product

10 protection, the parties may incorporate their agreement in the stipulated protective order

11 submitted to the court.

12 13.    <u>MISCELLANEOUS</u>

13     13.1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to

14 seek its modification by the court in the future.

15     13.2.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

16 Order no Party waives any right it otherwise would have to object to disclosing or producing any

17 information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

18 Party waives any right to object on any ground to use in evidence of any of the material covered

19 by this Protective Order.

20     13.3.   <u>Filing Protected Material</u>.  Without written permission from the Designating Party

21 or a court order secured after appropriate notice to all interested persons, a Party may not file in

22 the public record in this action any Protected Material. A Party that seeks to file under seal any

23 Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

24 under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

25 issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

26 establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

27 otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

28 Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

1   Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

2   79-5(e)(2) unless otherwise instructed by the court.

3   14.      <u>FINAL DISPOSITION</u>

4            Within 60 days after the final disposition of this action, as defined in paragraph 4, each

5   Receiving Party must return all Protected Material to the Producing Party or destroy such

6   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

7   compilations, summaries, and any other format reproducing or capturing any of the Protected

8   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

9   submit a written certification to the Producing Party (and, if not the same person or entity, to the

10  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

11  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

12  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

13  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

14  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

15  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

16  product, and consultant and expert work product, even if such materials contain Protected

17  Material. Any such archival copies that contain or constitute Protected Material remain subject to

18  this Protective Order as set forth in Section 4 (DURATION).

19           IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

20  DATED:         January 9, 2019          <u>/s/ Clement S. Roberts</u>
                                            Attorneys for Plaintiff
21
    DATED:         January 9, 2019          <u>/s/ Neel Chatterjee</u> (w. permission)
22                                          Attorneys for Defendant

23                          **Filer's Attestation**

24           Pursuant to Local Rule 5.1(i)(3), I attest that all signatories for parties listed above

25  concurred in the filing of this document.

26  DATED:         January 9, 2019          <u>/s/ Clement S. Robert</u>
                                            Attorneys for Plaintiff
27

28

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3  DATED: _____

4                                           Beth L. Freeman
                                         United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE
SECRETS

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of _____ **[insert formal name of

the case and the number and initials assigned to it by the court]**. I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]

STIPULATED PROTECTIVE ORDER FOR LITIGATION
INVOLVING PATENTS, HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION AND/OR TRADE
SECRETS