**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| POYNT CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>INNOWI, INC.,<br><br>        Defendant. | Case No. 18-cv-05814-BLF<br><br>**ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND**<br><br>[Re: ECF 26] |

Plaintiff Poynt Corporation ("Poynt") sues Defendant Innowi, Inc. ("Innowi"), claiming that Innowi misappropriated Poynt's trade secrets and breached agreements protecting Poynt's confidential information and intellectual property. Plaintiff asserts four causes of action: (1) breach of a non-disclosure agreement; (2) breach of a development agreement; (3) misappropriation of trade secrets under the California Uniform Trade Secrets Act ("UTSA"); and (4) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA").

Now before the Court is Defendant's Motion to Dismiss Plaintiff's entire complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Motion at 1, ECF 24-4. The Court heard argument on Defendant's motion to dismiss on February 21, 2019 ("the Hearing"). For the reasons stated on the record and discussed below, the motion is GRANTED IN PART AND DEFERRED IN PART, WITH LEAVE TO AMEND.

## I.    BACKGROUND

Poynt is based in Palo Alto, CA, and sells point-of-sale payment terminal products including the Poynt Smart Terminal and Poynt 5, a mobile, single-screen, point-of-sale terminal. *See* Compl. ¶¶ 1, 7. Poynt also offers related software applications. *See id.* ¶ 7. Defendant Innowi is based in Santa Clara, CA, and has experience in consumer electronics, wireless

1    communication, and automotive product development. *See id.* ¶¶ 2, 17. Innowi has represented

2    its intent to release its own point-of-sale payment terminal product. *See id.* ¶¶ 31, 34.

3          In October 2013 Poynt began developing the Poynt Smart Terminal, its flagship product.

4    *See id.* ¶ 9. In March 2014, Poynt began negotiating with Whizz Systems, Inc. ("Whizz") to retain

5    the services of a team of Whizz-affiliated developers at Innowi to build the hardware for the Poynt

6    Smart terminal. *See id.* ¶ 11. Whizz and Poynt subsequently executed a Non-Disclosure

7    Agreement ("NDA") related to the project and each party's confidential business and technical

8    information. *See id.* ¶ 13.

9          In June 2014, the threesome of Poynt, Whizz, and Innowi reach a confidential agreement

10   ("the Development Agreement") in which Whizz and Innowi agreed to develop the hardware for a

11   payment terminal product according to Poynt's regulatory, certification, cost and design

12   requirements. *See id.* ¶ 14. The Development Agreement required Whizz and Innowi to achieve

13   pilot production by December 2014 and provided that Poynt would own all intellectual property

14   associated with or derived from the project. *See id.* During the project, Poynt paid Innowi over

15   $700,000. *See id.* ¶ 23. By December 2014 Innowi had not delivered as required by the

16   Development Agreement and Poynt exercised its right to terminate the agreement. *See id.*

17         In September 2015, three Innowi founders filed for a patent titled "Smart Integrated Point

18   of Sale System." *See id.* ¶ 28. In or around May 2016, Poynt learned from a customer that Innowi

19   was developing its own point-of-service payment terminal product. *See id.* ¶ 31. Innowi has since

20   announced that it intends to release a payment terminal product called the "ChecOut M." *See id.*

21   ¶ 34. In 2017, Innowi filed two additional patent applications related to payment terminal devices.

22   *See id.* ¶ 29.

23   **II.    LEGAL STANDARD**

24         "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

25   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*

26   *Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

27   729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts

28   as true all well-pled factual allegations and construes them in the light most favorable to the

                                            2

1    plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the

2    Court need not "accept as true allegations that contradict matters properly subject to judicial

3    notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

4    unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

5    While a complaint need not contain detailed factual allegations, it "must contain sufficient factual

6    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

7    556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A

8    claim is facially plausible when it "allows the court to draw the reasonable inference that the

9    defendant is liable for the misconduct alleged." *Id.*

10   **III.    DISCUSSION**

11          Defendant moves to dismiss all four of Poynt's causes of action for failure to state a claim

12   under Rule 12(b)(6). *See* Motion at 1, ECF 24-4. Plaintiff counters that Defendant's motion is

13   contradicted by the facts in the Complaint. *See* Opp'n at 1, ECF 28-4. As an initial matter, the

14   Court notes that Plaintiff's opposition brief contains numerous lengthy footnotes. Any substantive

15   arguments raised in footnotes are not properly briefed and are denied. The Court addresses in turn

16   Plaintiff's (1) breach of NDA claim; (2) breach of the Development Agreement claim; and

17   (3) misappropriation of trade secrets claims.

18          **A.    Breach of NDA claim**

19          Plaintiff acknowledges that Innowi did not sign the NDA, but instead only Poynt and

20   Whizz. *See* Opp'n at 1–2. Plaintiff argues that Innowi is nonetheless bound by the NDA under

21   either or both of two theories: (1) that Whizz acted as Innowi's "alter ego" in signing the NDA,

22   and (2) that Innowi assumed Whizz's obligations under the NDA. *See id.* at 1. Meanwhile,

23   Defendant contends that the complaint fails to allege sufficient facts to support finding that Innowi

24   is an alter-ego of Whizz or that Innowi assumed Whizz's rights and obligations under the NDA.

25   *See* Motion at 2–4. For the reasons discussed below and at the Hearing, the Court agrees with

26   Defendant.

27          First, Plaintiff has not sufficiently pled a plausible "alter-ego" theory. "To satisfy the alter

28   ego exception to the general rule that a subsidiary and the parent are separate entities, the plaintiff

3

1    must make out a prima facie case (1) that there is such unity of interest and ownership that the

2    separate personalities of the two entities no longer exist and (2) that failure to disregard their

3    separate identities would result in fraud or injustice." *See Harris Rutsky & Co. Ins. v. Bell &*

4    *Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003) (internal quotation and citation omitted).

5    Here, Plaintiff has made out neither element.  Plaintiff alleges that "[d]uring negotiation of the

6    NDA, Whizz indicated that the team [Innowi] that would be working on Poynt's Development

7    Project would be affiliated with Whizz." *See* Compl. ¶ 45.  Plaintiff further alleges that "[t]he

8    founders of Innowi also made numerous representations indicating that they were affiliated with

9    Whizz, including by using Whizz email addresses and using Whizz branding on their documents."

10   *See id.*  However, mere affiliation between two entities is insufficient to support an alter-ego

11   theory.  Indeed, the prima facie standard is not necessarily met "even where a parent has 100%

12   control of a subsidiary through stock, the companies are run by the same senior officers and

13   directors, and the companies share the same offices." *See XR Comms., LLC dba Vivato Tech. v.*

14   *Ruckus Wireless, Inc.*, 2018 WL 3156851, at *6 (C.D. Cal. Mar. 30, 2018) (citing *Harris Rutsky*,

15   328 F.3d at 1135).  Here, Plaintiff has simply not made the requisite "very high showing." *See id.*

16          Second, Plaintiff has not plausibly alleged that Whizz assigned and Innowi assumed

17   Whizz's rights and obligations under the NDA.  Plaintiff recognizes that assignment of the NDA

18   is only permissible with the other party's written consent (according to the terms of the NDA) and

19   that there was no such written consent by Poynt.  *See* Opp'n at 3.  Instead, Plaintiff argues that

20   Poynt implicitly waived the written consent requirement through its conduct and that the written

21   consent requirement existed for Poynt's benefit.  *See id.* at 3–4.  However, Plaintiff misses the

22   point.  Poynt's purported waiver is of no import where, as here, Plaintiff has not plausibly alleged

23   that Whizz assigned and Innowi assumed Whizz's rights and obligations under the NDA.  Plaintiff

24   merely points to allegations that Innowi went on to contract with Poynt concerning the business

25   opportunity discussed in the NDA, and that Innowi signed the Development Agreement and

26   worked on the Development Agreement project.  *See id.* at 4 (citing Compl. ¶¶ 14, 18, 19).  None

27   of these allegations permit the inference that Innowi stepped into the shoes of Whizz with respect

28   to the NDA itself.

4

1        Accordingly, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND

2    as to Claim 1 for breach of the NDA.  Plaintiff shall be permitted to amend with other theories that

3    purport to bind Innowi to the NDA.

4         **B.**    **Breach of the Development Agreement claim**

5        Defendant argues that Plaintiff's Breach of the Development Agreement claim should be

6    dismissed because (1) Poynt has not plausibly alleged breach by Innowi; (2) the Development

7    Agreement is unenforceable; and (3) Innowi did not have any obligation to assign intellectual

8    property to Poynt that arose after Poynt terminated the agreement.  *See* Motion at 5.  As discussed

9    at the Hearing, the Court disagrees with Defendant that at this stage the Court may determine

10    whether the Development Agreement is unenforceable and whether the disputed intellectual

11    property arose out of or was derived from the Development Agreement and work therein.  On

12    these two issues Defendant's motion reads like a motion for summary judgment, requesting that

13    the Court analyze the evidence, rather than accepting as true all well-pled factual allegations in the

14    complaint and construing them in the light most favorable to Poynt, *see Reese v. BP Exploration*

15    *(Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

16        However, the Court agrees with Defendant that Plaintiff has not plausibly alleged breach

17    by Innowi.  Plaintiff merely generally alleges that Innowi's patent applications were derived from

18    Poynt's confidential information accessed by Innowi under the Development Agreement.  *See*

19    FAC ¶¶ 28–30.  The Court is mindful of Plaintiff's argument that specific discussion of the

20    technology of the patents and claims is not required at the pleading stage.  Nonetheless, Plaintiff's

21    complaint as to breach of the Development Agreement resembles a black box in that it does not

22    put Defendant on reasonable notice as to what covered technology—not simply what subject

23    matter—underlies the alleged breach.

24        Accordingly, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND

25    as to Claim 2 for breach of the Development Agreement.

26         **C.**    **Trade secret claims**

27        For the reasons discussed on the record at the Hearing, Defendant's motion to dismiss as to

28    Plaintiff's trade secret claims (Claims 3 and 4 of the Complaint) is DEFERRED pending the

discovery process. Specifically, the Court directs the parties to engage in the process set forth in California Code of Civil Procedure ("CCP") 2019.210 whereby Plaintiff will describe the alleged trade secrets in sufficient detail to cross the discovery threshold. Plaintiff's trade secret claims may be deficient as pled, but as Defendant indicated at the Hearing, the discovery process will provide sufficient notice as to these allegations. All discovery matters are referred to the assigned magistrate judge. As required by state law, the party alleging the misappropriation shall identify the trade secrets with reasonable particularity before commencing discovery. *See* Cal. Civ. Proc. Code § 2019.210. In order to move the case along efficiently, the Court directs that the DTSA claim be addressed through the CCP's 2019.210 process.

## IV.    ORDER

For the foregoing reasons as well as those stated on the record at the February 21, 2019 hearing, Defendant's Motion to Dismiss is hereby GRANTED IN PART and DEFERRED IN PART, WITH LEAVE TO AMEND. It is hereby ordered that:

1.    Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Claim 1 for breach of the Non-Disclosure Agreement.

2.    Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Claim 2 for breach of the Development Agreement.

3.    Defendant's motion to dismiss is DEFERRED pending the discovery process as to Claims 3 and 4 for trade secret misappropriation.

4.    All discovery matters are referred to the assigned magistrate judge.

5.    Any amended pleading shall be filed on or before March 25, 2019.

6.    Leave to amend is granted only as to Poynt's existing claims; Poynt may not add claims or parties without prior leave of the Court.

**IT IS SO ORDERED.**

Dated: February 26, 2019

BETH LABSON FREEMAN
United States District Judge