# EXHIBIT 1



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/850,943 | 09/10/2015 | Faisal Saeed | PA7031US | 2285 |

| 22830            7590            11/02/2017 | EXAMINER |
|---|---|
| CARR & FERRELL LLP<br>120 CONSTITUTION DRIVE<br>MENLO PARK, CA 94025 | LABAZE, EDWYN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2887 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/02/2017 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No.<br>14/850,943 | Applicant(s)<br>SAEED ET AL. | |
|---|---|---|---|
| | Examiner<br>EDWYN LABAZE | Art Unit<br>2887 | AIA (First Inventor to File) Status<br>Yes |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>09/10/2015</u>.
    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☒ Claim(s) <u>1-38</u> is/are pending in the application.
    5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>1-38</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on <u>09/10/2015</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
        a) ☐ All    b) ☐ Some**  c) ☐ None of the:
            1. ☐ Certified copies of the priority documents have been received.
            2. ☐ Certified copies of the priority documents have been received in Application No. _____.
            3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    ** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
    Paper No(s)/Mail Date <u>07/28/2017</u>.
3) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

Application/Control Number: 14/850,943   Page 2
Art Unit: 2887

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

## DETAILED ACTION

2. Receipt is acknowledged of IDS filed on 09/10/2015.

3. Claims 1-38 are presented for examination.

### Claim Rejections - 35 USC § 103

4. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

5. Claims 1-4, 9-10, 16, 19-26 and 34-38 is/are rejected under 35 U.S.C. 103 as being unpatentable over Conrad (US 2016/0070964) in view of Fletcher et al. (US 2006/0181515).

Re Claims 1 and 23: Conrad teaches point-of-sale system and method for money transfer transactions, which includes a tablet processor {*herein the user interface 104 is a tablet computer*} (¶ 36); a secure processor; a memory {*herein not shown*} for storing executable instructions that comprise a business management system (¶ 80+); a housing {*herein housing 102*} comprising the tablet processor, secure processor, memory, and a plurality of video display screens, wherein at least one merchant display screen is coupled to at least one customer display screen (¶ 37+); a business management system {*herein a third party*} receiving input from the plurality of video display screens (¶ 40+); at least one payment reader {*herein card reader 120, as shown in fig.# 1*} coupled to at least one of the processors, wherein the at least one payment reader is capable of accepting at least magnetic swipe cards, EMV (Europay, MasterCard, and

Application/Control Number: 14/850,943 Page 3
Art Unit: 2887

Visa) chip and pin cards, and NFC (near field communication) payment (¶ 36+); a barcode scanner coupled to at least one of the processors; a cash drawer coupled to at least one of the processors (¶ 47+); a printer coupled to at least one of the processors (¶ 39+); and a biometric verification unit {*herein fingerprint reader*} coupled to at least one of the processors (¶ 39+).

Conrad fails to specifically teach an ADA (American Disabilities Act) compliant secure keypad coupled to at least one of the processors.

Fletcher et al. teaches transaction terminal and adaptor therefor, which includes an ADA (American Disabilities Act) compliant secure keypad coupled to at least one of the processors (¶ 37+).

In view of Fletcher et al.'s teachings, it would have been obvious to an artisan of ordinary skill in the art at the time the invention was made to employ into the teachings of Conrad an ADA (American Disabilities Act, *voted in 1990*) compliant secure keypad coupled to at least one of the processors so as to enable the use and maneuverability of the terminal by disabled individuals. Such modification would be beneficial by accommodating a wide range of functions and allow independency to all disabled individuals without assistance and with full dignity.

Re Claims 2-3 and 24-25: Conrad as modified by Fletcher et al. teaches a method and system, wherein the business management system provides third-party store assistance applications, inventory management, customer relationship management, enterprise resource planning, targeted customized services for registered users, targeted advertisement, merchant services {*herein financial services*}, rewards programs, price and content updates, surveys, reports, data mining, and analysis (¶ 34+) and wherein the targeted customized services for registered users comprise personal greetings, storage of loyalty cards, rewards points, coupon

Application/Control Number: 14/850,943 Page 4
Art Unit: 2887

redemption, or up sale and cross sale by suggesting items that complement items being purchased (¶ 65+).

Re Claims 4 and 26: Conrad as modified by Fletcher et al. teaches a method and system, wherein a merchant can execute a transaction on the merchant screen while a customer can view transaction activities on the customer screen {*herein Conrad teaches two screens 104A & 104B*} (¶ 65-66).

Re Claim 9: Conrad as modified by Fletcher et al. teaches a method and system, wherein the barcode scanner {*herein Conrad teaches that the reader 120 may also be a scanner for reading bar codes*} is detachable in order to scan heavier items (¶ 47+).

Re Claim 10: Conrad as modified by Fletcher et al. teaches a method and system, wherein the printer {*herein receipt printer*} (¶ 39, 48) and the cash drawer 860 are integrated into a base that supports the housing (¶ 50+).

Re Claims 16 and 34: Conrad as modified by Fletcher et al. teaches a method and system, wherein the biometric verification unit recognizes fingerprints, retinas, faces, gestures, and voices (¶ 39+).

Re Claims 19-20 and 35-36: Conrad as modified by Fletcher et al. teaches a method and system, wherein a payment module can be detached and attached by sliding the payment module in and out from a payment board placeholder (¶ 38+), and wherein the payment module comprises an electronic signature screen, at least one payment reader, wherein the payment reader is capable of accepting at least magnetic swipe cards, EMV (Europay, MasterCard, and Visa) chip and pin cards, and NFC (near field communication) payment, and the ADA compliant secure keypad (see fig.# 7).

Application/Control Number: 14/850,943 Page 5
Art Unit: 2887

Re Claims 21 and 37: Conrad as modified by Fletcher et al. teaches a method and system, wherein the integrated POS device further comprises a GPS (Global Positioning System) (¶ 36, 85).

Re Claims 22 and 38: Conrad as modified by Fletcher et al. teaches a method and system, wherein the integrated POS device connects to other devices and networks using various protocols such as Wi-Fi, Bluetooth, or cellular data 2G/3G/4G (¶ 77).

6. Claims 5-8 and 27-30 is/are rejected under 35 U.S.C. 103 as being unpatentable over Conrad (US 2016/0070964) as modified by Fletcher et al. (US 2006/0181515) as applied to claim 1 above, and further in view of Moshfeghi (US 2012/0316963).

The teachings of Conrad have been discussed above. Conrad also teaches a camera 115/117 in a fixed position within the housing 102 (¶ 37+), and that the processing device 740 may control communication between the user interface 104 and other peripheral devices, such as retina scanner (¶ 39+). Conrad further teaches that the reader 120 may also be a scanner for reading bar codes (¶ 47+).

Conrad fails to specifically teach one customer display screen to securely identifying a customer by face recognition and wherein the face recognition of the customer applies the customer's loyalty program accounts, accumulated reward points, and coupons.

Moshfeghi teaches method and system for communicating location of a mobile device for hands-free payment, which includes one customer display screen to securely identifying a customer by face recognition (¶ 65+, 119, 127+) and wherein the face recognition of the customer applies the customer's loyalty program accounts, accumulated reward points, and coupons (¶ 36+).

In view of Moshfeghi's teachings, it would have been obvious to an artisan of ordinary skill in the art at the time the invention was made to employ into the teachings of Conrad one customer display screen to securely identifying a customer by face recognition and wherein the face recognition of the customer applies the customer's loyalty program accounts, accumulated reward points, and coupons <u>so as to enable a quick and very secure means of personally authenticating a user when conducting a transaction specially in this instance when collecting loyalty/reward points and/or allowing access to a secure area.</u>

7.  Claim 11 is/are rejected under 35 U.S.C. 103 as being unpatentable over Conrad (US 2016/0070964) as modified by Fletcher et al. (US 2006/0181515) as applied to claim 1 above, and further in view of Doi et al. (US 2012/0181327).

The teachings of Conrad have been discussed above.

Conrad fails to specifically teach that the cash drawer has an automated money counting engine that compares the amount of money in the drawer with a calculated transaction amount to identify any discrepancies.

Doi et al. teaches valuable medium processing system, which includes cash drawer that has an automated money counting engine {<u>herein counting unit 31</u>} that compares the amount of money in the drawer with a calculated transaction amount to identify any discrepancies (¶ 103-116+).

In view of Doi et al.'s teachings, it would have been obvious to an artisan of ordinary skill in the art at the time the invention was made to employ into the teachings of Conrad that the cash drawer has an automated money counting engine that compares the amount of money in the drawer with a calculated transaction amount to identify any discrepancies <u>so as to perform a process such as counting of the currency in response to an operation of a register operator and</u>

Application/Control Number: 14/850,943 Page 7
Art Unit: 2887

manages valuable media during sales proceeds. Such modification would be beneficial by providing an automatic counting of entry and/or removal of currency values into the computing device.

8. Claims 12-13 is/are rejected under 35 U.S.C. 103 as being unpatentable over Conrad (US 2016/0070964) as modified by Fletcher et al. (US 2006/0181515) as applied to claim 1 above, and further in view of Brown et al. (US 6,550,671).

The teachings of Conrad have been discussed above.

Conrad fails to specifically teach that the cash drawer detects counterfeit money with ultraviolet, infrared, microprint, and magnetic sensors and that the cash drawer has a theft detection mechanism that triggers an alarm and calls security personnel in the event of theft or unauthorized access.

Brown et al. teaches cash register and method of accounting for cash transactions, which includes that the cash drawer detects counterfeit money with ultraviolet, infrared, microprint, and magnetic sensors (col.5, lines 27-48) and that the cash drawer has a theft detection mechanism that triggers an alarm {*herein silent alarm 7*} and calls security personnel in the event of theft or unauthorized access (col.7, lines 23+; col.10, lines 30+; col.12, lines 25-48).

In view of Brown et al.'s teachings, it would have been obvious to an artisan of ordinary skill in the art at the time the invention was made to employ into the teachings of Conrad that the cash drawer detects counterfeit money with ultraviolet, infrared, microprint, and magnetic sensors and that the cash drawer has a theft detection mechanism that triggers an alarm and calls security personnel in the event of theft or unauthorized access so as to detect the authenticity of the currency during a financial transaction and to prevent theft.

Application/Control Number: 14/850,943	Page 8
Art Unit: 2887

9. Claims 14-15 and 31-32 is/are rejected under 35 U.S.C. 103 as being unpatentable over Conrad (US 2016/0070964) as modified by Fletcher et al. (US 2006/0181515) as applied to claim 1 above, and further in view of Edwards et al. (US 2013/0278122).

The teachings of Conrad have been discussed above.

Conrad fails to specifically teach that further comprising a stylus and an electronic signature screen, wherein the stylus includes a tracking sensor that alerts a merchant when the stylus is away from the integrated POS device.

Edwards et al. teaches point-of-sale system, which includes a stylus and an electronic signature screen, wherein the stylus includes a tracking sensor that alerts a merchant when the stylus is away from the integrated POS device (¶ 52).

In view of Edwards et al.'s teachings, it would have been obvious to an artisan of ordinary skill in the art at the time the invention was made to employ into the teachings of Conrad a stylus and an electronic signature screen, wherein the stylus includes a tracking sensor that alerts a merchant when the stylus is away from the integrated POS device <u>so as to provide the user a means of digitally signing any transaction from the tablet device.</u>

10. Claims 17-18 and 33 is/are rejected under 35 U.S.C. 103 as being unpatentable over Conrad (US 2016/0070964) as modified by Fletcher et al. (US 2006/0181515) as applied to claim 1 above, and further in view of Crook (US 2013/0136259).

The teachings of Conrad have been discussed above.

Conrad fails to specifically teach a bi-optic scanner is integrated into a base that supports the housing, and wherein the bi-optic scanner integrated into the base that supports the housing also includes a weighing scale.

Crook teaches scanner, terminal and method for reading an optical code with authentication information, which includes a bi-optic scanner {*herein two scanners 245 & 250 independently operated*} is integrated into a base that supports the housing, and wherein the bi-optic scanner integrated into the base that supports the housing also includes a weighing scale 235 (¶ 30-35).

In view of Crook's teachings, it would have been obvious to an artisan of ordinary skill in the art at the time the invention was made to employ into the teachings of Conrad a bi-optic scanner is integrated into a base that supports the housing, and wherein the bi-optic scanner integrated into the base that supports the housing also includes a weighing scale <u>so as to provide multiple options of scanning/reading a coded item either from the customer or the attendant side of the point-of-sale and wherein the scale would enable means of weighing an item during the transaction.</u>

## *Conclusion*

11. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Fernando et al. (US 2016/0005020) teaches multi point-of-sale device.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to EDWYN LABAZE whose telephone number is (571)272-2395. The examiner can normally be reached on 7:30 AM - 4:00 PM.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is

Application/Control Number: 14/850,943 Page 10
Art Unit: 2887

encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Steve Paik can be reached on (571) 272-2404. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/EDWYN LABAZE/
Primary Examiner, Art Unit 2887