# EXHIBIT 2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re the application of:  Faisal Saeed, et al.

Serial Number:      14/850,943              Examiner: TACDIRAN, ANDRE GEE

Filed:              09-10-2015              Art Unit:  2887

Confirmation No.: 2285

For:   **Smart Integrated Point of Sale System**

Mail Stop AMENDMENT

Commissioner for Patents

P.O. Box 1450

Alexandria, VA 22313-1450

## AMENDMENT AND RESPONSE TO NON-FINAL OFFICE ACTION

Sir:

Applicants respectfully request reconsideration of the above-referenced patent application in view of the following remarks.

After this introductory section, there are Amendments to the Claims then Remarks, each starting on a separate page.  No new matter has been added.

Applicants submit that these Amendments place this application in condition for allowance by amending claims in manners that are believed to render all pending claims allowable over the cited art.  Reconsideration of the rejections is respectfully requested.

Application No. 14/850,943
Reply to Office Action of 11/02/2017

**Amendments to the Claims:**

Claims 1, 23, 31 are amended.  Claims 7, 8 and are presently cancelled.   No new matter has been added.

This listing of claims will replace all prior versions, and listings, of claims in the application:

Listing of Claims:

1. (Currently Amended) An integrated point of sale (PoS) device comprising:

   a tablet processor;

   a secure processor;

   a memory for storing executable instructions that comprise a business management system;

   a housing comprising the tablet processor, secure processor, memory, and a plurality of video display screens, wherein at least one merchant display screen is coupled to at least one customer display screen;

   a business management system receiving input from the plurality of video display screens;

   at least one payment reader coupled to at least one of the processors, wherein the at least one payment reader is capable of accepting at least magnetic swipe cards, EMV (Europay, MasterCard, and Visa) chip and pin cards, and NFC (near field communication) payment;

   a barcode scanner coupled to at least one of the processors;

   a cash drawer coupled to at least one of the processors;

   a printer coupled to at least one of the processors;

   an ADA (American Disabilities Act) compliant secure keypad coupled to

Application No. 14/850,943
Reply to Office Action of 11/02/2017

at least one of the processors; and

a biometric verification unit coupled to at least one of the processors,

and

wherein a camera is located on the side of the housing containing the at

least one customer display screen to securely identifying a customer

by face recognition, and wherein the face recognition of the

customer applies the customer's loyalty program accounts,

accumulated reward points, and coupons.

2. (Original) The integrated PoS device of claim 1 wherein the business management system provides third-party store assistance applications, inventory management, customer relationship management, enterprise resource planning, targeted customized services for registered users, targeted advertisement, merchant services, rewards programs, price and content updates, surveys, reports, data mining, and analysis.

3. (Original) The integrated PoS device of claim 2 wherein the targeted customized services for registered users comprise personal greetings, storage of loyalty cards, rewards points, coupon redemption, or up sale and cross sale by suggesting items that complement items being purchased.

4. (Original) The integrated PoS device of claim 1 wherein a merchant can execute a transaction on the merchant screen while a customer can view transaction activities on the customer screen.

5. (Original) The integrated PoS device of claim 1 wherein a camera is located on the side of the housing containing the at least one merchant display screen to allow a merchant to communicate with management and technical staff in real time and wherein at least one camera located on the housing can read barcodes to apply loyalty program accounts, redeem coupons, and scan items.

6. (Original) The integrated PoS device of claim 5 wherein the camera located on the side of the housing containing the at least one merchant display screen can securely login merchants by face recognition.

7.(Cancelled).

Application No. 14/850,943
Reply to Office Action of 11/02/2017

8. (Cancelled).

9. (Original) The integrated PoS device of claim 1 wherein the barcode scanner is detachable in order to scan heavier items.

10. (Original) The integrated PoS device of claim 1 wherein the printer and the cash drawer are integrated into a base that supports the housing.

11. (Original) The integrated PoS device of claim 1 wherein the cash drawer has an automated money counting engine that compares the amount of money in the drawer with a calculated transaction amount to identify any discrepancies.

12. (Original) The integrated PoS device of claim 1 wherein the cash drawer detects counterfeit money with ultraviolet, infrared, microprint, and magnetic sensors.

13. (Original) The integrated PoS device of claim 1 wherein the cash drawer has a theft detection mechanism that triggers an alarm and calls security personnel in the event of theft or unauthorized access.

14. (Original) The integrated PoS device of claim 1 further comprising a stylus and an electronic signature screen.

15. (Original) The integrated PoS device of claim 14 wherein the stylus includes a tracking sensor that alerts a merchant when the stylus is away from the integrated PoS device.

16. (Original) The integrated PoS device of claim 1 wherein the biometric verification unit recognizes fingerprints, retinas, faces, gestures, and voices.

17. (Original) The integrated PoS device of claim 1 wherein a bi-optic scanner is integrated into a base that supports the housing.

18. (Original) The integrated PoS device of claim 1 wherein the bi-optic scanner integrated into the base that supports the housing also includes a weighing scale.

19. (Original) The integrated PoS device of claim 1 wherein a payment module can be detached and attached by sliding the payment module in and out from a payment board placeholder.

20. (Original) The integrated PoS device of claim 19 wherein the payment module comprises an electronic signature screen, at least one payment reader, wherein the

Application No. 14/850,943
Reply to Office Action of 11/02/2017

payment reader is capable of accepting at least magnetic swipe cards, EMV (Europay, MasterCard, and Visa) chip and pin cards, and NFC (near field communication) payment, and the ADA compliant secure keypad.

21. (Original) The integrated PoS device of claim 1 wherein the integrated PoS device further comprises a GPS (Global Positioning System).

22. (Original) The integrated PoS device of claim 1 wherein the integrated PoS device connects to other devices and networks using various protocols such as Wi-Fi, Bluetooth, or cellular data 2G/3G/4G.

23. (Currently Amended) A portable point of sale (PoS) device, comprising:

>    a tablet processor;
>
>    a secure processor;
>
>    a memory for storing executable instructions that comprise a business management system;
>
>    a housing comprising the tablet processor, secure processor, memory, and a plurality of video display screens, wherein at least one merchant display screen is coupled to at least one customer display screen;
>
>    a business management system receiving input from the plurality of video display screens;
>
>    at least one payment reader coupled to at least one of the processors, wherein the at least one payment reader is capable of accepting at least magnetic swipe cards, EMV (Europay, MasterCard, and Visa) chip and pin cards, and NFC (near field communication) payment;
>
>    a barcode scanner coupled to at least one of the processors;
>
>    an ADA (American Disabilities Act) compliant secure keypad coupled to at least one of the processors; and
>
>    a biometric verification unit coupled to at least one of the processors, and
>
>    wherein a camera is located on the side of the housing containing the at

Application No. 14/850,943
Reply to Office Action of 11/02/2017

> least one customer display screen to securely identifying a customer
> by face recognition, and wherein the face recognition of the
> customer applies the customer's loyalty program accounts,
> accumulated reward points, and coupons.

24. (Original) The portable PoS device of claim 23 wherein the business management system provides third-party store assistance applications, inventory management, customer relationship management, enterprise resource planning, targeted customized services for registered users, merchant services, rewards programs, price and content updates, surveys, reports, data mining, insights and analytics.

25. (Original) The portable PoS device of claim 23 wherein the targeted customized services for registered users comprise personal greetings, storage of loyalty cards, rewards points, coupon redemption, or up sale and cross sale by suggesting items that complement items being purchased.

26. (Original) The portable PoS device of claim 23 wherein a merchant can execute a transaction on the merchant screen while a customer can view transaction activities on the customer screen.

27. (Original) The portable PoS device of claim 23 wherein a camera is located on the side of the housing containing the at least one merchant display screen to allow a merchant to communicate with management and technical staff in real time and wherein at least one camera located on the housing can read barcodes to apply loyalty program accounts, redeem coupons, and scan items.

28. (Original) The portable PoS device of claim 27 wherein the camera located on the side of the housing containing the at least one merchant display screen can securely login merchants by face recognition.

29. (Original) The portable PoS device of claim 23 wherein a camera is located on the side of the housing containing the at least one customer display screen to securely identifying a customer by face recognition.

30. (Original) The portable PoS device of claim 29 wherein the face recognition of the customer applies the customer's loyalty program accounts, accumulated reward points,

Application No. 14/850,943
Reply to Office Action of 11/02/2017

and coupons.

31. (Original) The portable PoS device of claim 23 further comprising a stylus and electronic signature screen.

32. (Original) The portable PoS device of claim 31 wherein the stylus includes a tracking sensor that alerts a merchant when the stylus is away from the portable PoS device.

33. (Original) The portable PoS device of claim 23 where in portable PoS device is further communicatively coupled with a weighing pad.

34. (Original) The portable PoS device of claim 23 wherein the biometric verification unit recognizes fingerprints, retinas, faces, gestures, and voices.

35. (Original) The portable PoS device of claim 23 wherein a payment module can be detached and attached by sliding the payment module in and out from a payment board placeholder.

36. (Original) The portable PoS device of claim 35 wherein the payment module comprises an electronic signature screen, at least one payment reader, wherein the payment reader is capable of accepting at least magnetic swipe cards, EMV (Europay, MasterCard, and Visa) chip and pin cards, and NFC (near field communication) payment, and the ADA compliant secure keypad.

37. (Original) The portable PoS device of claim 23 wherein the portable PoS device further comprises a GPS (Global Positioning System).

38. (Original) The portable PoS device of claim 23 wherein the portable PoS device connects to other devices and networks using various protocols such as Wi-Fi, Bluetooth, or cellular data 2G/3G/4G.

39. (Currently Amended) A handheld point of sale (PoS) device comprising:

      a tablet processor;

      a secure processor;

      a memory for storing executable instructions to execute a business
          management system;

      a housing comprising the tablet processor, secure processor, memory,
          and at least one video display screen;

Application No. 14/850,943
Reply to Office Action of 11/02/2017

a business management system receiving input from the at least one
video display screen;

at least one payment reader coupled to at least one of the processors,
wherein the at least one payment reader is capable of accepting at
least magnetic swipe cards, EMV (Europay, MasterCard, and Visa)
chip and pin cards, and NFC (near field communication) payment;

a detachable barcode scanner communicatively coupled to at least one
of the processors;

a detachable printer communicatively coupled to at least one of the
processors;

an ADA (American Disabilities Act) compliant secure keypad
communicatively coupled to at least one of the processors;

a biometric verification unit communicatively coupled to at least one of
the processors.

at least one camera coupled to at least one of the processors;

a stylus coupled to at least one of the processors; and

a GPS (Global Positioning System) coupled to at least one of the
processors, and

wherein a camera is located on the side of the housing containing the at
least one customer display screen to securely identifying a customer
by face recognition, and wherein the face recognition of the
customer applies the customer's loyalty program accounts,
accumulated reward points, and coupons.

Application No. 14/850,943
Reply to Office Action of 11/02/2017

## REMARKS

In view of the foregoing amendments and the following remarks, the Applicants respectfully submit that the pending claims are allowable.  Accordingly, it is believed that this application is in condition for allowance.  **If, however, the Office believes that there are any unresolved issues, or believes that some or all of the claims are not in condition for allowance, the Applicants respectfully request that the Office contact the undersigned to schedule a telephone Office Interview before any further actions on the merits**.

The Applicants will now address each of the issues raised in the outstanding Office Action.

### Support for Claim Amendments

No new matter has been added.

### Claim Rejections - 35 USC § 103

Claims 1-4, 9-10, 16, 19-26 and 34-38 is/are rejected under 35 U.S.C. 103 as being unpatentable over Conrad (US 2016/0070964) in view of Fletcher et al. (US 2006/0181515).

Claims 5-8 and 27-30 is/are rejected under 35 U.S.C. 103 as being unpatentable over Conrad (US 2016/0070964) as modified by Fletcher et al. (US 2006/0181515) as applied to claim 1 above, and further in view of Moshfeghi (US 2012/0316963).

The Applicants thank the Office for its review of the previous office action and feedback.  Based on this feedback the Applicants have amended the independent claims.  It is further noted that the independent claims have been amended to include the limitations of the cancelled dependent claims (c.f. claims 7 and 8).

Application No. 14/850,943
Reply to Office Action of 11/02/2017

Conrad in view of Fletcher and Moshfeghi does not include all the elements of claims 1, 10 and 17 (as amended). For example, Conrad in view of Fletcher and Moshfeghi does not include the limitation, as exemplified in claim 1 (as amended) of:

> "wherein a camera is located **on the side of the housing** containing the at least one customer display screen to securely identifying a customer by face recognition, and wherein the face recognition of the customer applies the customer's loyalty program accounts, accumulated reward points, **and** coupons;"

The Office Action states:

> "Moshfeghi teaches method and system for communicating location of a mobile device for hands-free payment, which includes one customer display screen to securely identifying a customer by face recognition (¶65+, ¶119, ¶127+) and wherein the face recognition of the customer applies the customer's loyalty program accounts, accumulated reward points, and coupons (¶ 36+ )."

Applicants respectfully disagree because Moshfeghi does not disclose a a camera is located **on the side of the housing** containing the at least one customer display screen to securely identifying a customer by face recognition, and wherein the face recognition of the customer applies the customer's loyalty program accounts, accumulated reward points, and coupons, but instead discloses generic 'referral rewards' (c.f. [0049]) and a generic idea of facial recognition in an unrelated manner to referral rewards for user authentication as disclosed in Moshfeghi, para. [0065], which states:

> "For example, the POS device 304 may authenticate the received payment transaction information from the selected mobile device 312 based on one or more of a voice recognition, a gesture, a computer face recognition and/or a biometric recognition, for example."

Moshfeghi also does not teach a camera is located on the side of the housing.

Application No. 14/850,943
Reply to Office Action of 11/02/2017

For at least these reasons, and by at least these claim features, Conrad in view of Fletcher and Moshfeghi do not teach the claim combination of Applicants' independent claims (as amended).  Accordingly, it is respectfully submitted that the (as amended) independent claims are allowable under 35 U.S.C. §103(a) as being patentable over Conrad in view of Fletcher and Moshfeghi because:

"[T]he prior art reference (or references when combined) must teach or suggest all the claim limitations.  The teaching or suggestion to make the claimed combination and the reasonable expectation of success must both be found in the prior art, and not based on applicant's disclosure." [Bold for clarity]  In re Vaeck, 947 F2d 488, 20 USPQ2d 1438 (Fed. Cir. 1991)

Withdrawal of the rejection of the as-amended independent claims is respectfully requested.


THE OFFICE ENGAGES IN IMPERMISSIBLE HINDSIGHT

It is noted that with the present amendments, the Office's rejection would include five prior art references to maintain the rejection.  MPEP § 2142 states that "impermissible hindsight must be avoided and the legal conclusion must be reached on **the basis of the facts gleaned from the prior art**" (emphasis added). "'Any judgement on obviousness is in a sense necessarily a reconstruction based on hindsight reasoning, but so long as it takes into account only knowledge which was within the level of ordinary skill in the art at the time the claimed invention was made **and does not include knowledge gleaned only from applicant's disclosure, such a reconstruction is proper**'" (MPEP § 2145(X)(A), quoting In re McLaughlin, 443 F.2d 1392, 1395 (CCPA 1971), (emphasis added).  The combination three prior art references is indicative of undue hindsight with respect to the present independent claims as amended should the reasons for the previous rejects be maintained.

The remaining dependent claims are believed to be allowable since they contain all the limitations set forth in the independent claims from which they depend and claim

Application No. 14/850,943
Reply to Office Action of 11/02/2017

additional unobvious combinations thereof.  Withdrawal of the rejection of remaining

dependent claims is respectfully requested.

Application No. 14/850,943
Reply to Office Action of 11/02/2017

<u>Conclusion</u>

In view of the foregoing amendments and remarks, the Applicants respectfully submit that the pending claims are in condition for allowance. Accordingly, the Applicants request that the Office pass this application to issue.

Applicants submit that with respect to each group of claims that certain of the claims in the group add further patentably distinct features to the invention and thus are further patentably distinct over the applied references. For simplicity, however, Applicants have, at times, treated a single claim as being representative of a group of claims. Applicants reserve their right to later argue that additional ones of the claims are patentably distinct over the combination of references.

Any arguments made in this amendment pertain only to the specific aspects of the invention claimed. Any claim amendments or cancellations, and any arguments, are made <u>without</u> prejudice to, or disclaimer of, the Applicants' right to seek patent protection of any unclaimed (e.g., narrower, broader, different) subject matter, such as byway of a continuation or divisional patent application for example.

Respectfully Submitted,

__/Richard R. Peters/___

Richard R. Peters
Reg. No. 61441
949.259.3627