UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POYNT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>INNOWI, INC.,<br><br>    Defendant. | Case No. 18-cv-05814-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 50] |

Before the Court is Plaintiff's administrative motion to file under seal three exhibits to Plaintiff's first amended complaint. ECF 50. No opposition was filed. For the reasons that follow, the motion to seal is GRANTED.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request

that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Plaintiff's sealing motion and the declaration of the designating party submitted in support thereof. The Court finds that Plaintiff has articulated compelling reasons to seal three exhibits to Plaintiff's first amended complaint. The proposed redactions are generally narrowly tailored. The Court's rulings on the sealing requests are set forth in the table below.

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 50-2 | Ex. B to FAC. | GRANTED. | Contains specific information regarding Plaintiff's goals and requirements for the development project at issue, including cost requirements, production cycles, payment structures, and other related financial information, the disclosure of which could harm Plaintiff's business ventures. *See* Bedier Decl. ¶¶ 2–3, ECF 3-1. The Court previously sealed this exhibit. ECF 15. |
| 50-2 | Ex. C to FAC. | GRANTED. | Consists of confidential draft agreement between the parties pertaining to termination of the |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | agreement detailed in Ex. B. *See* Bedier Decl. ¶ 4. Contains confidential technical information concerning Plaintiff's products, disclosure of which would be harmful to Plaintiff. *Id.* The Court previously sealed this exhibit. ECF 15. |
| 50-2 | Ex. D to FAC. | GRANTED. | Consists of confidential draft agreement between the parties pertaining to termination of the agreement detailed in Ex. B. *See* Bedier Decl. ¶ 5. Contains confidential technical information concerning Plaintiff's products, disclosure of which would be harmful to Plaintiff. *Id.* The Court previously sealed this exhibit. ECF 15. |

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's motion to seal at ECF 50. No further action is necessary.

**IT IS SO ORDERED.**

Dated: April 10, 2019

_____
BETH LABSON FREEMAN
United States District Judge