Case 5:18-cv-05814-BLF   Document 59   Filed 04/22/19   Page 1 of 2



Orrick, Herrington & Sutcliffe LLP
Clement Seth Roberts

E  croberts@orrick.com
D  +1 415 773 5484
F  +1 415 773 5759

April 22, 2019

Honorable Magistrate Judge Nathanael M. Cousins
United States District Court, Northern District
280 South 1st Street, 4th Floor, Courtroom 5
San Jose, CA 95113

Re:    *Poynt Corp. v. Innowi Inc.*, Case No. 5:18-cv-05814-BLF

Dear Magistrate Judge Cousins:

Poynt[1] seeks guidance on: (1) whether Poynt's trade-secret disclosure is reasonably particular as required by CCP 2019.210; and (2) whether Innowi must respond to discovery. Innowi refuses to answer *all* discovery based on a single objection: "Poynt's list of trade secrets … is deficient." But this objection is without merit both in general and in the specifics:

*First*, Innowi criticizes Poynt for identifying specific documents (*e.g.*, POYNT0000274, containing payment terminal product requirements) as being Poynt's trade secrets. However, by definition a trade secret is "all forms and types of … information, including … compilations… whether tangible or intangible… *or in writing*." See 35 U.S.C. 1839(3). A product requirements document is – by its very nature – a compilation of information, and therefore meets the definition. *See San Jose Constr., Inc. v. S.B.C.C., Inc*., 155 Cal. App. 4th 1528, 1533-47 (finding that a project proposal consisting of an entire binder of documents could be a trade secret). Thus, there is nothing improper about Poynt identifying specific documents as its trade secrets.

*Second*, Innowi complains that, where Poynt has pointed to either a document or to specific information in a document as its trade secret, Poynt has also asserted that the trade secret includes "all versions of" the specifically identified document. According to Innowi, this means that the disclosure is "open ended" and therefore "not reasonably particular." Not so. This is *not* a case where Poynt has claimed an indeterminate category of information to be its trade secrets – rather it has simply made clear that other versions *of the same document* are or contain trade secrets in the same way as the specifically enumerated document. This is necessary to prevent Innowi from arguing later that other versions of the document are not a part of the trade secret. For example, in *Vesta Corp. v. Amdocs Mgmt. Ltd*., the defendant attempted to strike a trade secret from an expert report for that very reason. No. 3:14-CV-1142-HZ, 2018 WL 830141, at *5 (D. Or. Feb. 12, 2018) (denying defendant's motion to strike an earlier version of a TS document from expert report). Poynt's inclusion now cuts off such future shenanigans. Section 2019.210 requires only "reasonable particularity" – not absolute definitions. As Innowi has enough information to investigate the claims and craft defenses this standard has been met.

*Third*, Innowi criticizes Poynt's trade-secret disclosure for failing to separate its trade secrets

---

[1] Despite agreeing that the parties are at an impasse and Poynt providing its portion of the letter brief seven days ago, Innowi declined to provide a final version of its portion of the letter brief. Poynt therefore submits this brief in accordance with the Court's standing order.



Honorable Magistrate Judge Nathanael M. Cousins
April 22, 2019
Page 2

from what is "within general public knowledge or the special knowledge of those persons skilled in the trade." But, there is no requirement for Poynt to do anything other than *identify* its trade secrets – it need not *explain* how they are different from the prior art nor convince Innowi of that fact at this stage of litigation, so long as Poynt provides enough information to understand what the trade secrets are. *See Brescia v. Angelin*, 172 Cal. App. 4th 133, 152 (2009) (TS owner was not required "to explain how his alleged trade secrets … differ from matters known to skilled persons in the field, absent some showing that respondents would otherwise be unable to determine the limits of the allegedly protected information and develop defenses…."). Moreover, Innowi, in prior correspondence, said it was "fine leaving these [trade secrets] as is." Thus, Innowi has effectively admitted it can move forward, which is all that §2019.210 requires.

**Fourth**, Innowi objects that Poynt claims "vendor information" as a trade secret based on a single case from Pennsylvania that found, under different circumstances, that the identity and prices of a single vendor was not a trade secret. Vendors and information relating to them *can* be trade secrets. For example, in *Beiner Enterprises, Inc. v. Adam Caldwell, Inc.*, 2015 WL 4977186, at *3 (C.D. Cal. Aug. 21, 2015), the Court expressly found that information related to "Vendors A, B, and C" (including their identities) constituted a trade secret in its finding of facts and conclusion of law post-trial. *See also Watts v. Metro. Life Ins. Co.*, 2010 WL 11508844, at *4 (S.D. Cal. Oct. 7, 2010) (finding vendor information to be a trade secret in the context of a motion to seal). Moreover, Poynt does not simply claim the identity and price of certain vendors as its trade secret. Instead, Poynt claims specific pieces of information regarding specific vendors as it relates to the development of a payment terminal and which Poynt discovered after significant investment of resources in evaluating different vendors.

**Finally**, Innowi complains that Poynt identifies positive and negative trade secrets. However, it is possible to misappropriate *both* at the same or different times. For example, KFC could sue an employee for misappropriating both its actual composition of herbs and spices and also knowledge that the fryer cannot be heated above a certain temperature. The mere fact that both pieces of information stem from the same subject matter does not mean that they are in conflict.

In sum, Innowi has no legitimate basis to continue to object to Poynt's trade-secret disclosure. Poynt would be pleased to submit the list for the Court's consideration.

Respectfully submitted,

/s/ *Clement S. Roberts*
Clement S. Roberts
Counsel for Poynt Corp.