

|  |  |
|---|---|
| Neel Chatterjee<br>+1 650 752 3256<br>NChatterjee@goodwinlaw.com | Goodwin Procter LLP<br>601 Marshall Street<br>Redwood City, CA  94063<br><br>goodwinlaw.com<br>+1 650 752 3100 |

April 22, 2019

Honorable Magistrate Judge Nathanael M. Cousins
United States District Court, Northern District
280 South 1st Street, 4th Floor, Courtroom 5
San Jose, CA 95113

Re:   *Poynt Corp. v. Innowi Inc., Case No. 5:18-cv-05814-BLF*

Dear Magistrate Judge Cousins:

Innowi seeks a protective order to postpone discovery until the sufficiency of Poynt's trade secret disclosure is resolved.  Poynt rushed to file its letter today without awaiting a response from Innowi.[1]  As a result, this letter responds to Poynt's letter.  As this issue is complex, Poynt believes a more formal briefing schedule is appropriate.

Poynt has consistently failed to identify its trade secrets.  Judge Freeman previously found Poynt's trade secrets "deficient as plead" and specifically "direct[ed] the parties to engage in the process set forth in [CCP] 2019.210."  The Court ordered that the trade secrets would be identified through the 2019.210 discovery process. The parties agreed the allegedly misappropriated trade secrets would be identified in response to an interrogatory.

Poynt's most recent interrogatory response identifies 200 trade secrets (as well as 355 pages) with nearly 100 trade secrets it believed "may" have been misappropriated.  This laundry list contained every feature imaginable for the devices at issue.  Poynt refused to respond to any discovery beyond the 355 pages produced.  Poynt resisted any discovery because there were some unspecified trade secrets it was "*not alleging were misappropriated at this time*."  Poynt's interrogatory response is not reasonably particular for the reasons set forth below.

First, Poynt's disclosures fail because they do not identify the "specific information that it contends is a trade secret."  *Activerain Corp. v. Move, Inc.*, No. CV 07-5037-DDP(CTX), 2008 WL 11343023, at *4 (C.D. Cal. Apr. 29, 2008).  Poynt claims that a "thirty-page document *is* a trade secret," but also claims "information contained in" the cited document.  Claiming both leaves Innowi to guess the trade secrets' boundaries.  *See* Cal. Civ. Code § 3426.1(d); *Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1111, 1115-16 (N.D.Cal. 2016).  Indeed, Poynt's listing of individual sub-parts of documents as additional trade secrets further complicates, rather than

---

[1] Poynt's recitation of the history is wrong.  Poynt delayed giving its 2019.210 disclosure for months.  After extensive meeting and conferring, Poynt and Innowi spent the past week exchanging drafts of a joint letter.  Poynt requested Innowi submit a draft last Thursday, which Innowi did.  Poynt responded Friday with additional edits and asked for Innowi's revisions today.  Before Innowi could respond, Poynt filed its letter.  Innowi also suggested waiting until after mediation to resolve this dispute as Poynt had asked for and obtained an extension on other filings because of the mediation. Poynt refused to agree to an extension of this dispute.

ACTIVE/99327207.3



Honorable Magistrate Judge Nathanael M. Cousins
April 22, 2019
Page 2

rectifies, the issue.  *See Via Techs., Inc. v. Asus Computer Int'l*, No. 14-CV-03586-BLF, 2016 WL 1056139, at *3 (N.D. Cal. Mar. 17, 2016).

Second, Poynt does not separate its trade secrets from information "within the public knowledge or the special knowledge of those persons skilled in the trade." *See, e.g., Activerain Corp. v. Move, Inc.*, No. CV 07-5037-DDP(CTX), 2008 WL 11343023, at *4 (C.D. Cal. Apr. 29, 2008).  For example, Poynt claims "the wireless connectivity features reflected in Innowi Poynt Tablet – Proposal v2.pdf (POYNT0000055) and all other versions thereof." *See* TS 4(c).  But this points to a single section entitled "CONNECTIVITY," which lists four items: Wi-Fi, 3G, Bluetooth, and GPS.  Poynt cannot reasonably contend that its trade secret is conventional wireless technologies.

Third, a number of the alleged trade secrets cannot legally qualify as a trade secret.  Poynt claims knowledge of the existence of individuals or vendors, their skills, and/or their affordability.  *See, e.g.*, TS 42.  But knowledge that an individual person exists and has skill in a technical field cannot qualify as a trade secret and neither can knowledge of a vendors prices – that information would be in the possession of third parties.  *See, e.g., Amerisourcebergen Drug Corp. v. Am. Associated Druggists, Inc.*, No. 05-5927, 2008 WL 248933, at *24 (E.D. Pa. Jan. 29, 2008).  *Beiner*, relied upon by Poynt, is distinguishable because the *Benier* vendors sold their products on the "gray market" where they derived value from keeping their identity a secret.  *Beiner*, 2015 WL 3631574, at *1-2.

Fourth, Poynt's disclosures are untethered to any facts showing Innowi misused information.  Poynt's theory is that if Innowi used information, it misappropriated, but if it did not use information, it is liable for using "negative trade secrets."  E.g., Poynt claims the knowledge and benefits of integrating Kili technology into a payment system and also claims the flaws and reasons not to integrate the Kili technology.  *Compare* TS 40-41 *with* 27-29.  Such a catch-22 does not amount to a good faith designation.

Fifth, the majority of the amended trade secrets include the impermissible catchall language of "and all other versions thereof" without citing to any such documents specifically.  This "does not clearly refer to tangible trade secret material." *See e.g., Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1115 (N.D. Cal. 2016).

Respectfully submitted,

*/s/ Neel Chatterjee*

Neel Chatterjee
Counsel for Innowi, Inc.

ACTIVE/99327207.3