UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POYNT CORPORATION,<br>        Plaintiff,<br>    v.<br>INNOWI, INC.,<br>        Defendant. | Case No. 18-cv-05814-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SEAL AT ECF 53**<br><br>[Re: ECF 53] |

Before the Court is Defendant's administrative motion to file under seal portions of its motion to dismiss Plaintiff's first amended complaint, as well as an exhibit to the motion to dismiss. *See* ECF 53. For the reasons that follow, the motion to seal is DENIED.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or

otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II.  DISCUSSION

The Court has reviewed Defendant's sealing motion. For both requests, Plaintiff is the designating party. However, Plaintiff filed no declaration in support of sealing for either request. The Court's rulings on the sealing requests are set forth in the table below.

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 53-4 | Defendant's Motion to Dismiss Plaintiff's FAC | DENIED as to the requested portions. | Plaintiff, the designating party, does not seek to seal this document. |
| 53-5 | Ex. 4 to Dahlin Decl. in support of Motion to Dismiss | DENIED. | Plaintiff, the designating party, does not seek to seal this document. |

## III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's motion to seal at ECF 53. The submitting party shall file the unredacted documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order. Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: July 16, 2019

_____
BETH LABSON FREEMAN
United States District Judge

2