UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POYNT CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INNOWI, INC.,<br><br>　　　　Defendant. | Case No. 18-cv-05814-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 73] |

Before the Court is Plaintiff's administrative motion to file under seal a small portion of an exhibit to Defendant's motion to dismiss (ECF 53-5). ECF 73. For the reasons stated below, the motion is GRANTED.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id*. (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request

1  that establishes the document is "sealable," or "privileged or protectable as a trade secret or
2  otherwise entitled to protection under the law." "The request must be narrowly tailored to seek
3  sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b).
4  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly
5  tailored to seal only the sealable material" which "lists in table format each document or portion
6  thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the
7  document" that indicates "by highlighting or other clear method, the portions of the document that
8  have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the
9  filing of the Administrative Motion to File Under Seal, the Designating Party must file a
10 declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material
11 is sealable." Civ. L.R. 79-5(e)(1).

## II.  DISCUSSION

The Court has reviewed Plaintiff's sealing motion and its declaration in support thereof. The Court finds that Plaintiff has articulated compelling reasons to seal the requested portion of the submitted document. The proposed redaction is narrowly tailored. The Court's ruling on the sealing request is set forth below:

| ECF | Document | Portion(s) to Seal | Result | Reason(s) for Sealing |
|---|---|---|---|---|
| 53-5 | Exhibit 4 to the Declaration of Luc Dahlin In Support of Defendant Innowi, Inc.'s Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and Motion to Strike Pursuant to F.R.C.P. 12(f) | 8:5-8 | GRANTED. | The document contains a list of third parties to whom Poynt has disclosed one or more of its trade secrets. This list reveals the identity of certain entities with whom Poynt has collaborated. The fact of that collaboration is not public knowledge and is, in many cases, covered by NonDisclosure Agreements. The publication of this information would be harmful to Poynt as it would permit Poynt's competitors and/or others access to information about its collaborators and potential collaborators, and thereby gain an unfair competitive advantage in developing competing products. Tanaka Decl. ¶¶ 3–4, ECF 73-1. |

### III. ORDER

For the foregoing reasons, the sealing motion at ECF 73 is GRANTED. Defendant shall file a properly redacted version of the document consistent with this order into the public record no earlier than 4 days and no later than 10 days from the filing of this order. Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: August 1, 2019

_____
BETH LABSON FREEMAN
United States District Judge

3