# EXHIBIT 4

<u>REDACTED PUBLIC VERSION OF DOCUMENT SOUGHT TO BE SEALED</u>

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  CLEMENT SETH ROBERTS (SBN 209203)
   croberts@orrick.com
2  JACOB M. HEATH (SBN 238959)
   jheath@orrick.com
3  WILL MELEHANI (SBN 285916)
   wmelehani@orrick.com
4  JOHANNA L. JACOB (SBN 286796)
   jjacob@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
6  San Francisco, CA  94105
   Telephone:    +1-415-773-5700
7  Facsimile:    +1-415-773-5759

8  Attorneys for Plaintiff
   POYNT CORPORATION

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POYNT CORPORATION,<br><br>            Plaintiff,<br><br>     v.<br><br>INNOWI, INC.,<br><br>            Defendant. | Case No. 5:18-cv-05814 BLF<br><br>**POYNT'S RESPONSE TO INNOWI'S SECOND SET OF INTERROGATORIES**<br><br>Judge:  Beth L. Freeman<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

| | | | |
|---|---|---|---|
| PROPOUNDING PARTY | : | Defendant INNOWI, INC. | |
| RESPONDING PARTY | : | Plaintiff POYNT CORPORATION | |
| SET NO. | : | Two | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, the Local Rules of this Court, and any other rules of discovery to which the parties agree in writing or the Court orders, Plaintiff Poynt Corporation ("Poynt" or "Plaintiff") hereby responds to Defendant Innowi, Inc.'s ("Innowi" or "Defendant") Second Set of Interrogatories to Poynt as follows:

## OBJECTIONS TO DEFINITIONS

1.  Poynt objects to the definition of "Poynt Complaint" and "Complaint" on the grounds that it includes hypothetical future pleadings which may or may not be filed. Poynt will treat the terms "Poynt Complaint" and "Complaint" as referring only to the complaint filed on September 21, 2018 as that is the only complaint at issue in this action to date.

2.  Poynt objects to the definition of "Alleged Poynt Trade Secret(s)" and "Alleged Trade Secret(s)" on the grounds that it puts the entire burden on Poynt to identify "any and all trade secrets" that Innowi misappropriated, when Innowi is in the best position to know the trade secrets that it misappropriated. Poynt further objects to the terms' use of the word "Alleged" as it suggests Poynt's trade secrets are not legally enforceable—which they are.

3.  Poynt objects to the definition of "communication" as including "electronic mail," *i.e.*, e-mail. Poynt will only produce emails pursuant to the search term and custodian agreement the parties stipulated to in the joint case management statement and which the Court has endorsed. *See* D.I. 38. It will not, therefore, generally search for and produce emails in response the interrogatories herein. Accordingly, Poynt will interpret the word "communication" in each location it appears to exclude electronic communications.

4.  Poynt objects to the terms "concerning," "concern," "relating to," "relate to," and "related to," and any variation thereof—because of their expansive definition—rendering each interrogatory in which they appear vague, ambiguous, and disproportionately burdensome relative to the probative value of the information requested.

5.  Poynt objects to the term "documents" insofar as it purports to include electronic

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

POYNT'S RESP. TO SECOND SET OF ROG
5:18-CV-05814 BLF

communications. The parties and the Court have specifically and separately established a protocol for searching for and collecting email, and Poynt will not search email in response to interrogatories. In light of this objection, Poynt will interpret the word "documents" to exclude electronic communications.

6. Poynt objects to the definition of "You," "Your," and "Defendant" on the grounds that it includes other third parties that are separate corporate entities (such as joint ventures or other entities in which Poynt has an interest). Poynt does not have possession, custody, or control over the documents of any such third party and will not search for documents from them. In addition, the definition is overbroad and inappropriate, because it includes Poynt's attorneys, representatives, financial advisors, and accountants, among others, who Poynt does not have control over. Poynt will only respond to interrogatories on behalf of itself—Poynt Corporation.

7. Poynt objects to the definition of "Poynt Repositories" and "Repositories" on the grounds that the definition includes purported "repositories" referenced in paragraph 60 of the Complaint. Paragraph 60 of the Complaint, however, does not reference repositories. Poynt will therefore understand this definition to include repositories referenced in only Paragraphs 19, 21, and 73 of the Complaint.

8. Poynt objects to the definition of "Innowi Patent Applications" and "Patent Applications" on the grounds that the definition includes future patents which may or may not issue. Poynt therefore understands the terms "Innowi Patent Applications" and "Patent Applications" to mean only U.S. Patent Application Nos. 14/850,943, 15/618,122, and 15/721,923.

**OBJECTIONS TO INSTRUCTIONS**

1. Poynt objects to Instruction No. 1 on the grounds that it requires Poynt to comply with "the Default Standard for Discovery" in the Northern District of California. Poynt is not aware of any such "Default Standard for Discovery" in the Northern District of California—and thinks Innowi may mistakenly be referring to the District of Delaware's rules. Poynt has no obligation to comply with the District of Delaware's rules in California and will not do so.

2. Poynt objects to Instruction No. 5 on the grounds that it requires Poynt to comply

with "Provision 1(d) of the Default Standard for Discovery" in the Northern District of California. Poynt is not aware of any such "Provision 1(d)" "Default Standard"—and thinks Innowi may mistakenly be referring to the District of Delaware's rules. Poynt has no obligation to comply with the District of Delaware's rules in California and will not do so. Poynt will therefore understand this instruction as only requiring it to comply with the Federal Rules of Civil Procedure. Poynt is also willing to meet and confer on a privilege log procedure. In addition, Poynt objects to this instruction on the grounds that it requires Poynt to log documents which the parties agreed to exclude from privilege logs in their joint case management statement.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 2:**

Separately for each Alleged Poynt Trade Secret, state all facts in support of your contention that the Alleged Poynt Trade Secret qualifies as a valid trade secret.

**RESPONSE TO INTERROGATORY NO. 2:**

Poynt objects to this interrogatory as premature on the grounds that it seeks "all facts" when this lawsuit is in the early stages and Innowi has yet to begin producing documents, respond to discovery, or disclose its defenses and theories.

Poynt also objects to this interrogatory as premature, overbroad, and unduly burdensome on the grounds that it seeks detailed information pertaining to *each* of Poynt's *individual* trade secrets, which is not necessarily one and the same as the trade secrets Poynt will allege Innowi misappropriated. As required by the parties' agreement in this case, Poynt provided Innowi with a list of all the trade secrets that Poynt was reasonably able to determine were disclosed to Innowi and/or are otherwise at issue in this case based on the information currently available to Poynt. This is not the same as a list of trade secrets that Poynt is actually alleging Innowi misappropriated. Once Poynt receives discovery from Innowi, Poynt will narrow the list of trade secrets in order to identify the specific trade secrets that Poynt alleges Innowi misappropriated. At a reasonable time after that narrowing takes place, Poynt will answer interrogatories seeking information on a trade secret by trade secret basis. Requiring Poynt to answer such

interrogatories before that time, will require Poynt to spend time and money providing discovery responses on trade secrets that are not at issue in this litigation, which Poynt will not agree to do.

In light of the foregoing objections, Poynt responds as follows:  At a high level, the trade secrets identified in Poynt's trade secret disclosure, served on March 5, 2019:

(a) are the subject of the following reasonable measures to protect their secrecy:

(i) physical security, including requiring a badge or Pin Code to enter Poynt's building and office space, and multiple monitored security cameras;

(ii) computer/network security, including requirements that computers be protected by a network firewall, requiring that employees have individually-assigned login, requiring two-factor authentication for source code and development repositories, and providing access to sensitive data only to engineers and necessary contractors operating under non-disclosure agreements and obligations of confidentiality;

(iii) policy-based measures, including requirements that employees abide by detailed Security and Information Technology Policies and Procedures, including that cabinets and storage rooms remain locked after hours, computers be configured with a password protected screen saver, no personal computers be given access to the Poynt wireless network, requiring that sensitive information is encrypted when transmitted over the internet, requiring regular audits ensuring compliance with these policies with harsh penalties, i.e., failure to comply results in discipline, potentially including termination, and requiring that employees review and recommit to these security policies on an annual basis; and

(iv) contractual protections, including requirements that sensitive material be protected from disclosure by third-party contractors, vendors and consultants with non-disclosure agreements and other contractual terms to ensure that Poynt retains ownership in any intellectual property relating to its products;

(b) derive independent value from not being generally known because Poynt's competitors would obtain economic value from:

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

POYNT'S RESP. TO SECOND SET OF ROGS
5:18-CV-05814 BLF

(i) the use and disclosure of the information including by, for example, obtaining a "head start" as compared to the process of developing and supporting a payment terminal product and business without the improper use;

(ii) the know-how derived from the experience and expertise of Poynt's employees developed both before and during the development of their state-of-the-art point of sale technology;

(iii) the credibility, goodwill and benefits of "owning" a monopoly on novel and patentable technology associated with Innowi's improper assertion that it developed the inventions embodied in its pending patent applications and any patents that may issue therefrom;

(iv) the ability to steal customers—because Innowi did not need to invest the funds to develop the technology, it can sell its products for far less than it would otherwise be able to, and with a suite of features that it would not otherwise have been able to invent / would not have been able to bring to market for many months or years.

**INTERROGATORY NO. 3**:

Identify all witnesses you intend to call at trial.

**RESPONSE TO INTERROGATORY NO. 3**:

Poynt objects to this interrogatory as premature on the grounds that it seeks an identification of all trial witnesses, when this lawsuit is in the early stages and Innowi has yet to begin producing documents, respond to discovery, or disclose its defenses and theories.

Poynt further objects to this interrogatory as premature on the grounds that it seeks an identification of expert witnesses. Poynt will produce expert-related discovery in accordance with the Court's disclosure schedule and the parties' joint case management statement.

In light of the foregoing objections, Poynt responds as follows: At this time, and based on the information currently and reasonably available to Poynt, Poynt has identified the witnesses that it plans to call at trial in its initial disclosures, which disclosures it incorporates herein by reference.

**INTERROGATORY NO. 4:**

Separately for each Alleged Poynt Trade Secret, identify all Persons involved in the development of the alleged trade secret and describe their roles in the development.

**RESPONSE TO INTERROGATORY NO. 4:**

Poynt objects to this interrogatory as premature, overbroad, and unduly burdensome on the grounds that it seeks detailed information pertaining to *each* of Poynt's *individual* trade secrets, which is not necessarily one and the same as the trade secrets Poynt will allege Innowi misappropriated. As required by the parties' agreement in this case, Poynt provided Innowi with a list of all the trade secrets that Poynt was reasonably able to determine were disclosed to Innowi and/or are otherwise at issue in this case. This is not the same as a list of trade secrets that Poynt is actually alleging Innowi misappropriated. Once Poynt receives discovery from Innowi, Poynt will narrow the list of trade secrets in order to identify the specific trade secrets that Poynt alleges Innowi misappropriated. At a reasonable time after that narrowing takes place, Poynt will answer interrogatories seeking information on a trade secret by trade secret basis. Requiring Poynt to answer such interrogatories before that time will require Poynt to spend time and money providing discovery responses on trade secrets that are not at issue in this litigation, which Poynt will not agree to do.

In addition, Poynt objects to this interrogatory to the extent that it seeks information in Innowi's possession, custody, or control. As Poynt alleges in its complaint, for a time, Innowi was involved in the development of Poynt's trade secrets, and therefore at least some of this information will need to be produced by Innowi before Poynt can respond fully to this Interrogatory.

In light of the foregoing objections, Poynt responds as follows: At a high level the persons most involved in the development of Poynt's trade secrets are Osama Bedier, Ray Tanaka, Robert Hernandez, Fayez Asar, Praveen Alavilli, Romeo Mercado, Saima Kadri, Scott Spiker, Paul Walters, Chris Henry, Dung Huynh, as well as individuals associated with Innowi and its subcontractors (who developed some of those secrets under contract to Poynt). Innowi has more specific knowledge as to who among Innowi's employees and subcontractors contributed to

Poynt's trade secrets, but Poynt's understanding is that such contributors at least included Zia Hasnain, Vijaykumar Santhakumar, Asif Rao, Faisal Saeed, and Chris Woon.  Poynt's trade secrets also include any trade secrets developed solely by Innowi that are related to or derived from the development of Poynt's development project.

**INTERROGATORY NO. 5:**

Separately for each Alleged Poynt Trade Secret, describe all instances in which the trade secret (or any Poynt POS device utilizing the trade secret) was publicly or otherwise disclosed to third parties.

**RESPONSE TO INTERROGATORY NO. 5:**

Poynt objects to this interrogatory as premature, overbroad, and unduly burdensome on the grounds that it seeks detailed information pertaining to *each* of Poynt's *individual* trade secrets, which is not necessarily one and the same as the trade secrets Poynt will allege Innowi misappropriated.  As required by the parties' agreement in this case, Poynt provided Innowi with a list of all the trade secrets that Poynt was reasonably able to determine were disclosed to Innowi and/or are otherwise at issue in this case.  This is not the same as a list of trade secrets that Poynt is actually alleging Innowi misappropriated.  Once Poynt receives discovery from Innowi, Poynt will narrow the list of trade secrets in order to identify the specific trade secrets that Poynt alleges Innowi misappropriated.  At a reasonable time after that narrowing takes place, Poynt will answer interrogatories seeking information on a trade secret by trade secret basis.  Requiring Poynt to answer such interrogatories before that time, will require Poynt to spend time and money providing discovery responses on trade secrets that are not at issue in this litigation, which Poynt will not agree to do.

In addition, Poynt objects to this interrogatory to the extent that it seeks information on Innowi's misappropriation through disclosure of Poynt's trade secrets, which is indisputably in Innowi's possession, custody, or control.  Innowi—not Poynt—will have information as to which third-parties Innowi has disclosed Poynt's trade secrets.  Therefore, at least some of this information will need to be produced by Innowi before Poynt can respond fully to this Interrogatory.

Poynt also objects to this Interrogatory as not limited to a particular time frame.  Poynt therefore will limit its response from 2014 to the present.

In light of the foregoing objections, Poynt responds as follows:  At a high level, Poynt has disclosed some number of its trade secrets to the following third parties, Innowi, Inc., Whizz Systems, Inc., ███████████████████████████████████████████████████████

███████.  Poynt will supplement its response to this interrogatory to identify the NDAs governing these disclosures, pursuant to Rule 33(d).  Some of Poynt's trade secrets were disclosed to the FCC, PCI, and EMVCo.

One or more of Poynt's trade secrets or aspects of those trade secrets are embodied in U.S. Patent No. 9,092,766, published on July 28, 2015, and U.S. Patent Application Publication No. 20160/117529 A1, published on April 28, 2016.  The Poynt Smart Terminal Product that embodies and utilizes one or more of Poynt's trade secrets was first publicly sold in early 2015 with industry-mandated contractual restrictions preventing disassembly.  Thus, while this does *not* qualify as the public disclosure of any Poynt trade secret, we have included it in the response for completeness.

**INTERROGATORY NO. 6:**

Identify all damages, including a specific calculation of monetary damages, caused by any alleged misappropriation of trade secrets by Innowi.

**RESPONSE TO INTERROGATORY NO. 6:**

Poynt objects to this interrogatory as premature on the grounds that it seeks to compel Poynt's damages contentions at this early stage in the litigation.  Poynt will produce damages related to discovery in accordance with the Northern District of California's disclosure schedule and the parties' case management statement, which the court approved.

In light of the foregoing objections, Poynt responds as follows:  Poynt will not respond to this interrogatory at this point in time.

**INTERROGATORY NO. 7:**

Identify and describe in detail all steps taken by You to mitigate damages arising to Innowi's alleged misappropriation of Alleged Trade Secrets, breach of NDA, and breach of the Agreement.

**RESPONSE TO INTERROGATORY NO. 7:**

Poynt objects to this interrogatory as premature on the grounds that it seeks to compel Poynt's damages contentions at this early stage in the litigation. Poynt will produce damages related discovery in accordance with the Northern District of California's disclosure schedule and the parties' case management statement, which the court approved.

In light of the foregoing objections, Poynt responds as follows:

Poynt attempted to mitigate its potential damages arising from Innowi's wrongdoing by demanding that Innowi return any of Poynt's information, attempting to get Innowi to reaffirm its previous obligation to respect Poynt's intellectual property rights in intellectual property related to the Development Agreement and secure the return of Poynt's trade secret information, as reflected in Exhibit C of the complaint. Further, as detailed in the complaint, Poynt sent Innowi a letter, attached as Exhibit E to the complaint, informing Innowi that it was under a legal obligation to not use or disclose Poynt's confidential information, particularly to obtain a competitive advantage over Poynt. The letter asked Innowi to confirm that it had not used or disclosed Poynt's confidential information for any purpose. Innowi responded, in Exhibit F to the complaint, that it was not using or disclosing Poynt's confidential information. If Innowi had abided by its representation then there would not have been a need for this litigation or to seek relief from damages.

**INTERROGATORY NO. 8:**

Identify and describe in detail all work done by Innowi for Poynt at Your request or insistence, including work done under the Agreement.

**RESPONSE TO INTERROGATORY NO. 8:**

Poynt objects to this interrogatory as unduly burdensome on the grounds that it is seeks information which is indisputably in Innowi's possession, custody, or control. Innowi—not

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

POYNT'S RESP. TO SECOND SET OF ROGS
5:18-CV-05814 BLF

Poynt—is in a better position to know what work it actually performed for Poynt. Poynt, however, can describe: (1) the work it *asked* Innowi to do; and (2) the work that Innowi actually *delivered* (or failed to deliver). Poynt also objects to this interrogatory to the extent is seeks information about specific details that are not relevant to this case or proportional to the needs of this case.

In light of the foregoing objections, Poynt responds as follows: At a high level, Poynt asked Innowi to develop the hardware for Poynt's payment terminal, *see* Exhibit A to the complaint. Poynt also requested that Innowi work on a charging dock for the smart terminal device being developed under the Agreement.

**INTERROGATORY NO. 9:**

Identify and describe in detail all written or oral agreements between the Parties.

**RESPONSE TO INTERROGATORY NO. 9:**

Poynt objects to this interrogatory because it calls for information that is equally available to Innowi as it is to Poynt, and therefore subjects Poynt to an unnecessary burden of searching for and summarizing information to which Innowi already has access.

Poynt further objects to this interrogatory, to the extent that it seeks a description of written agreements, because it is more appropriate to seek such information through a document request.

Poynt further objects to this interrogatory to the extent is seeks information about agreements that are not relevant to any claim or defense at issue in this case.

In light of the foregoing objections, Poynt responds as follows:

With respect to written agreements between the parties that are relevant to Poynt's claims asserted in this case, the information sought by this interrogatory may be determined by examining the written agreements, and the burden of deriving or ascertaining the answer to this interrogatory will be substantially the same for either party. Accordingly, pursuant to Federal Rule of Civil Procedure 33(d), Poynt identifies Exhibit A and Exhibit B to its Complaint. Poynt and Innowi also agreed by email to terms of the termination of Innowi's role in the project as reflected in the December 3, 2014 email sent at 6:55 PM from Osama Bedier to Zia Hasnain and

Vijaykumar Santhakumar with the subject "Re: Project." Poynt also requested that Innowi assist with the development of a dock for the payment terminal device and compensated Innowi accordingly. Poynt is continuing to investigate the existence of any additional written or oral agreements and will timely supplement this response if any are discovered.

**INTERROGATORY NO. 10:**

Identify and describe in detail all of Poynt's and Innowi's obligations under the Agreement that were or were not performed.

**RESPONSE TO INTERROGATORY NO. 10:**

Poynt objects to this interrogatory because it calls for information that is equally available to Innowi as it is to Poynt, and therefore subjects Poynt to an unnecessary burden of searching for and summarizing information to which Innowi already has access.

In light of the foregoing objections, Poynt responds as follows:

Poynt performed all of its obligations under the Agreement.

Innowi failed to perform in at least the following ways: (i) Innowi used and disclosed Poynt's information or information derived from Poynt's information, including Poynt's confidential/proprietary information and trade secrets; (ii) Innowi failed to abide by the provision the Agreement indicating that Poynt was to own all IP related to or derived from the development project as evidenced by the Innowi Patent Applications.

Furthermore, Innowi failed to produce a product that could be manufactured at the target cost set forth in the Agreement, and Innowi furthered failed to meet the milestone deadlines outlined in the Agreement. Specifically, Innowi did not satisfactorily complete the work to exit DVT, and did not produce units of adequate quality in conjunction with the Prototype and CNC milestones.

**INTERROGATORY NO. 11:**

Identify all claim elements from the Innowi Patent Applications that were developed or invented by Poynt and describe the development/invention of these elements in detail.

**RESPONSE TO INTERROGATORY NO. 11:**

Poynt objects to this interrogatory to the extent that it seeks information in Innowi's

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

POYNT'S RESP. TO SECOND SET OF ROGS
5:18-cv-05814 BLF

possession, custody, or control. As Poynt alleges in its complaint, for a time, Innowi was involved in the development of Poynt's trade secrets, and therefore at least some of this information will need to be produced by Innowi before Poynt can respond fully to this Interrogatory.

Poynt also objects to the reference to "claim elements" with respect to "Innowi Patent Applications" as vague and ambiguous, especially in light of Innowi's definition of "Innowi Patent Application." As stated above in its Objections to Innowi's Definitions, Innowi's definition includes future patents which may or may not issue. Furthermore, Innowi does not specify which claims Poynt should base its response on—the original claims that Innowi filed with the applications—later amended claims—or both.

In light of the foregoing objections, Poynt responds as follows: The Court has set a date for Poynt to amend its complaint to provide additional information regarding Poynt's claim that Innowi breached the Development Agreement by filing its patent applications. Poynt will supplement this interrogatory at a date after the submission of that Amended Complaint to include the requested information.

Dated: March 11, 2019                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Clement Seth Roberts
CLEMENT SETH ROBERTS
JACOB M. HEATH
WILL MELEHANI
JOHANNA L. JACOB
Attorneys for Plaintiff Poynt Corporation

# PROOF OF SERVICE

I, Amy Maruska, am over the age of eighteen years and not a party to the within-entitled action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 S. Figueroa Street, Suite 3200, Los Angeles, California 90017.

On March 11, 2019, I served the following document(s):

**POYNT'S RESPONSE TO INNOWI'S SECOND SET OF INTERROGATORIES [HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY]**

(By Electronic Mail) By transmitting said document(s) in portable document format from my e-mail address to the following person(s):

>Neel Chatterjee, Esq.
>Luc Dahlin, Esq.
>GOODWIN PROCTER LLP
>601 Marshall Street
>Redwood City, CA  94063
>Email:  DG-InnowiPoyntCorp@goodwinlaw.com

The transmission was reported as complete and without error. The parties listed above have consented to accept service by electronic mail.

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this Court, at whose direction the service was made, and that the foregoing is true and correct.

Executed on March 11, 2019, at Los Angeles, California.

Amy Maruska

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

POYNT'S RESP. TO SECOND SET OF ROG
5:18-CV-05814 BLF